NEW YORK LIFE INSURANCE COMPANY, a Corporation, Appellant, v. GEORGIA MARIE CANADA COBB, Respondent.*

St. Louis Court of Appeals. Opinion filed April 6, 1926.

1. **INSURANCE: Life Insurance: Policy: Fraudulent Misrepresentations in Procuring: Cancellation: Suit May Be Brought Within Contestable Period Though After Insured's Death: Equity.** A suit in equity may be maintained after the death of the insured within the contestable period to cancel life insurance policies for alleged fraudulent misrepresentations of the insured in the procurement thereof, as insurer has no adequate remedy at law by defense to an action brought on the policy after the expiration of such period.

2. ———: ———: ———: ———: ———: **Suit to Cancel Policy Within Contestable Period Though After Death of Insured: Not Precluded by Statute.** Section 6142, Revised Statutes 1919, providing that misrepresentations in obtaining a life insurance policy shall not invalidate it unless the matter misrepresented actually contributed to the loss, does not preclude the institution of an equitable proceeding after the death of the insured, but within the con-

219 Mo. App.—39.

testable period, to cancel a policy containing an incontestable clause whereby the rights and obligations of all parties thereto do not become absolute by reason of the death of the insured.

3. **EQUITY:** Jurisdiction: Incomplete Legal Remedy. To deprive a court of equity of jurisdiction, the remedy at law must be so plain, complete, and adequate that it attains the full end and justice of the case, reaching the whole mischief and securing the whole right of the party in a perfect manner, not only at the present time, but also in the future.

*Corpus Juris-Cyc. References; Equity, 21 C. J., p. 50, n. 32. Life Insurance, 37 C. J., p. 441, n. 62; p. 442, n. 65; p. 450, n. 17; p. 539, n. 48.

Appeal from the Circuit Court of Audrain County.—
*Hon. E. S. Gantt,* Judge.

REVERSED AND REMANDED.

*Clarence A. Barnes* and *Jones, Hocker, Sullivan & Angert* for appellant.

Where a policy of life insurance is, by its terms, incontestable after a certain period, and all defenses of false representations made in the application are foreclosed to the insurer after the expiration of the period of contestability, a suit in equity during the period of contestability will lie to cancel said policy on the ground of false representations made in the application therefor, notwithstanding the prior death of the insured. Mutual Life Ins. Co. v. Weigman, 256 S. W. 505; Lavelle v. Metropolitan Life, 209 Mo. App. 330; Monahan v. Metropolitan Life Ins. Co., 119 N. E. 68; Mutual Life v. Hurni Packing Co., 263 U. S. 167; Jefferson Standard Life Ins. Co. v. McIntyre, 294 Fed. 886; Jefferson Standard Life v. Keeton, 292 Fed. 53; Northwestern Mutual Life v Pickering, 293 Fed. 496; Priest v. Kansas City Life, 237 Pac. 938; Becker v. Illinois Life, 198 N. W. 884; Humpston v. State Mutual Life, 256 S. W. 438; Thistle v. Equitable Life, 261 S. W. 667; Repala v. John

Hancock Life Ins. Co., 201 N. W. 465; Powell v. Mutual Life, 144 N. E. 825; American Trust Co. v. Life Ins. Co., 92 S. E. 706; Missouri State Life v. Crawford, 257 S. W. 66; Fierman v. Eureka Life, 124 Atl. 171; Reliance Life v. Thayer, 203 Pac. 190; New York Life v. Adams, 145 N. E. 499.

*Rodgers & Buffington* for respondent.

BENNICK, C.—This is a suit in equity instituted on December 27, 1924, for the cancellation of two policies of life insurance, each in the sum of $1,000, issued respectively on January 23, 1923, and February 7, 1923, to Mary F. Canada upon her written applications, and payable to her daughter, the defendant herein, as beneficiary.

The petition in two counts alleges that in her applications for said policies, Mary F. Canada stated and represented to the plaintiff, among other things, that she had never consulted a physician for and had never suffered from any ailment or disease of the heart or blood vessels; that she stipulated and agreed in her applications that said statements and representations were made by her to obtain policies of life insurance in plaintiff company; that each of said statements and representations was material to the risk, and that, relying upon such representations and statements in the belief that the same were true, plaintiff issued both policies.

The petition further states that Mary F. Canada died on November 17, 1924; that the representations and statements made by her in her applications for said policies were false and untrue; that at and prior to the time of making said applications, she was afflicted with ailments and diseases of the heart and had consulted and had been treated by a physician for such ailments and diseases during the five years prior to her applications for said policies; that as a result of said ailments and diseases of the heart she was not a fit subject for life insurance at the time she applied to plaintiff for both

policies; that she knew at the time of making said applications that she was then, and for a long time prior thereto had been, afflicted with heart disease, all of which she fraudulently and intentionally concealed from the plaintiff for the purpose of inducing the plaintiff to accept her applications for insurance; that if plaintiff had known of the falsity of the representations and statements so made by her in her applications, it would not have accepted or approved such applications and would not have issued the policies; that the disease of the heart with which she was afflicted at and prior to her applications for the policies caused or contributed to her death.

There is a further allegation that plaintiff did not know and did not learn of the falsity of the representations and statements made by Mary F. Canada in her applications, until after her death; that upon learning and being advised of the falsity of the statements in the applications, plaintiff tendered to the administrator of the estate of Mary F. Canada the premiums theretofore paid on said policies with interest, which the said administrator refused and declined to accept.

Plaintiff further alleges that it was provided in and by the terms of said policies that the same should be incontestable after two years from the date of issue, except for the non-payment of premiums, as a result of which no contest could be made or defense asserted by plaintiff in an action instituted by defendant on the policies after the expiration of said contestable period, and which required plaintiff to institute a suit in equity to cancel said policies before the expiration of said contestable period in order to avoid the policies on the ground of false and fraudulent representations made in the applications therefor; and that no contest or action had been filed upon said policies by defendant. Wherefore, plaintiff prayed the court to adjudge and decree that said policies were procured by fraud and false and fraudulent representations on the part of Mary F. Can-

ada in her applications therefor, and that said policies be ordered canceled.

Defendant filed a motion to strike out plaintiff's petition and cause of action alleged therein for the reasons: First, that the petition did not state facts sufficient to constitute a cause of action against defendant; second, that the averments and allegations stated and contained in said petition did not state any cause of action which was maintainable under the laws of this State; and third, that under the laws of this State a suit to cancel a policy of insurance might not be brought after the death of the insured. This motion was sustained by the court and, plaintiff declining to plead further, the court dismissed the cause and rendered judgment in favor of defendant, from which plaintiff has appealed.

Inasmuch as both policies of insurance referred to in the petition contained clauses providing that the same should be incontestable after two years from the date of issue, except for the nonpayment of premiums, the sole question before us for our determination is whether a suit in equity may be maintained after the death of the insured but within the contestable period to cancel such policies for alleged fraudulent misrepresentations of the insured in the procurement thereof. This precise point has until now never been before an appellate court of this State for decision.

While the courts of the several States are not in full accord on this proposition, the weight of authority is so strongly in favor of the propriety of the maintenance of such a suit as to be practically controlling. This court has heretofore taken equitable cognizance of such a suit brought on an Illinois contract of insurance, the validity and construction of which were necessarily to be determined by the law of that State. [Mutual Life Ins. Co. v. Wiegmann, 214 Mo: App. 54, 256 S. W. 505; See, also, Lavelle v. Met. Life Ins., Co., 209 Mo. App. 330, 238 S. W. 504.]

As a general proposition it may not be denied that the courts of this State have uniformly held that, after the death of the insured, a suit in equity to cancel the policy is not the proper remedy. [Schuermann v. Life Ins. Co., 165 Mo. 641, 65 S. W. 723; Kern v. Legion of Honor, 167 Mo. 471, 67 S. W. 252; Keller v. Life Ins. Co., 198 Mo. 440, 95 S. W. 903; State ex rel. v. Trimble, 292 Mo. 371, 239 S. W. 467; Mutual Life Ins. Co. v. Wiegmann, supra.] Nor when an action has been brought on a policy of insurance, may the insurance company convert it into a case in equity by alleging, in its answer, fraudulent misrepresentations of the insured in the application for the policy and by praying for its cancellation. [Schuermann v. Life Ins. Co., Kern v. Legion of Honor and State ex rel. v. Trimble, supra; State ex rel. v. Allen, 306 Mo. 197, 267 S. W. 832; Cradick v. Mutual Life Ins. Co., — Mo. App. — 256 S. W. 501; O'Donnell v. Life Ins. Co., — Mo. App. —, 251 S. W. 82; Mueller v. Life Ins. Co., — Mo. App. —, 261 S. W. 709; Mutual Life Ins. Co. v. Wiegmann, supra.] In none of these cases, however, was the effect of an incontestability clause in the policy considered, and for such reason none of them are controlling in the case at bar.

In some jurisdictions (particularly in Illinois) incontestable provisions in insurance policies have been construed as creating a short Statute of Limitations in favor of the insured, the effect of such provisions being to fix a limited time within which the insurer must ascertain the truth of the representations made in the policy. [Monahan v. Met. Life Ins. Co., 283 Ill. 136, 119 N. E. 68; Powell v. Mut. Life Ins. Co., 313 Ill. 161, 144 N. E. 825.] Other jurisdictions (having regard for particular statutes which invalidate any agreement for a different time for the commencement of actions than that provided in the Statute of Limitations) take the view that it is the incontestability of the policy and not the limitation that bars the defense; that an insurance company, if it should choose, might agree that its liability on a policy should be absolute from the begin-

ning, notwithstanding false and fraudulent misrepresentations of the insured, and that, consequently, the period of contestability does not represent a deduction of all but that much of the period of limitation, but to the contrary adds such period to the time when the right of the insurer to contest the validity of the policy is to cease. [Priest v. Life Ins. Co., 117 Kan. 1, 237 Pac. 938; Citizens Life Ins. Co. v. McClure, 138 Ky. 138, 127 S. W. 749; Humpston v. Mutual Life Assurance Co., 148 Tenn. 439, 256 S. W. 438; Northwestern Mut. Life Ins. Co. v. Pickering, 293 Fed. 496.] Our own Supreme Court has held that incontestable clauses are lawful and should be enforced according to their terms. [Harris v. Ins. Co., 248 Mo. 304, 314, 154 S. W. 68; Williams v. Insurance Co., 189 Mo. 70, 83, 87 S. W. 499.]

To our minds the most conclusive argument found in the books in support of the propriety of the institution of a suit in equity within the contestable period to cancel a policy of life insurance alleged to have been procured by fraudulent misrepresentations of the insured, where the insured has died within such period and before the filing of the suit, is that of Mr. Justice SUTHERLAND, speaking for the United States Supreme Court, in the case of Mutual Life Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 176-177, as follows:

"The argument advanced in support of the second ground relied upon for reversal, in substance, is that a policy of insurance necessarily imports a risk and where there is no risk there can be no insurance; that when the insured dies what had been a hazard has become a certainty and that the obligation then is no longer of insurance but of payment; that by the incontestability clause the undertaking is that after two years, provided the risk continues to be insured against for the period, the insurer will make no defense against a claim under the policy; but that if the risk does not continue for two years (that is, if the insured dies in the meantime) the incontestability clause is not applicable.

Only in the event of the death of the insured after two years, it is said, will the obligation to pay become absolute. The argument is ingenious but fallacious, since it ignores the fundamental purpose of all simple life insurance, which is not to enrich the insured but to secure the beneficiary, who has, therefore, a real, albeit sometimes only a contingent, interest in the policy.

"It is true as counsel for petitioner contends, that the contract is with the insured and not with the beneficiary but, nevertheless, it is for the use of the beneficiary and there is no reason to say that the incontestability clause is not meant for his benefit as well as for the benefit of the insured. It is for the benefit of the insured during his lifetime and upon his death immediately inures to the benefit of the beneficiary. As said by the Supreme Court of Illinois in Monahan v. Metropolitan Life Ins. Co., 283 Ill. 136, 141; 'Some of the rights and obligations of the parties to a contract of insurance necessarily become fixed upon the death of the insured. The beneficiary has an interest in the contract, and as between the insurer and the beneficiary all the rights and obligations of the parties are not determined as of the date of death of the insured. The incontestable clause in a policy of insurance inures to the benefit of the beneficiary after the death of the insured as much as it inures to the benefit of the insured himself during his lifetime. The rights of the parties under such an incontestable clause as the one contained in this contract do not become fixed at the date of the death of the insured.'

"In order to give the clause the meaning which the petitioner ascribes to it, it would be necessary to supply words which it does not at present contain. The provision plainly is that the policy shall be incontestable upon the simple condition that two years shall have elapsed from its date of issue;—not that it shall be incontestable after two years if the insured shall live, but incontestable without qualification and in any event."

Other leading cases expressive of similar views are: Monahan v. Met. Life Ins. Co., Priest v. Life Ins. Co., and Humpston v. Mut. Life Assur. Co., supra; Jefferson Standard Life Ins. Co. v. Keeton, 292 Fed. 53; Jefferson Standard Life Ins. Co. v. McIntyre, 294 Fed. 886; Feirman v. Life Ins. Co., 279 Pa. 507, 124 Atl. 171; Ramsey v. Life Ins. Co., 297 Ill. 592, 131 N. E. 108; Repala v. Life Ins. Co., 229 Mich. 463, 201 N. W. 465.

Much the same argument as that advanced before the United States Supreme Court in the Hurni Packing Company case has been made by defendant in the case at bar, to which the opinion of Mr. Justice SUTHERLAND is a complete answer. Defendant, however, makes the further contention that this suit in equity may not be maintained because of our misrepresentation statute, section 6142, Revised Statutes 1919, which provides that no misrepresentation made in obtaining a policy of life insurance shall render the policy void unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and that whether it so contributed in any case shall be a question for the jury.

We cannot agree with defendant's view, however, that the statute absolutely precludes the institution of an equitable proceeding after the death of the insured but within the contestable period to cancel a policy containing an incontestable clause whereby the rights and obligations of all parties thereto do not become absolute by reason of the death of the insured. It has been held that the statute was in no sense intended as a general restraint upon the power of courts of equity by proper proceedings to relieve against actual fraud perpetrated or attempted against insurance companies by parties seeking insurance (Schuermann v. Life Ins. Co., supra) and that it took away no material right that was enjoyed prior to its adoption (Kern v. Legion of Honor, supra). To the contrary the Schuermann case holds (loc. cit. 649) that this act may be said to be nothing more than a legislative declaration of policy that *in actions at law*

*upon policies of insurance* their consideration must be proceeded with to final determination before a jury, and that no misrepresentation shall be deemed material *in that proceeding,* unless the matter misrepresented shall have actually contributed to the contingency on which the policy became due and payable.

The same construction was again put upon the statute by the Supreme Court in the case of Pacific Mutual Life Ins. Co. v. Glaser, 245 Mo. 377, 150 S. W. 549, which was a suit in equity to have canceled a policy of insurance upon the life of the defendant therein, said suit having been instituted, however, during the lifetime of the insured. On pages 385-386, the court said:

"It is apparent that the statute applies only to case in which the 'event on which the policy is to become due' has actually happened, and the liability of the insurer under the policy is the question to be determined. It was not intended to restrict the freedom of contract except in such cases came within its provisions."

But, in the case at bar, the liability of the insurer is not the question to be determined for the reason that the beneficiary has not seen fit to institute an action upon the policies. Plaintiff and the insured might well have contracted that plaintiff should have the entire period of the life of the insured within which to ascertain the truth of the representations made by her. It might reasonably have been expected that the insured would have lived more than two years after the issuance of the policies. However, primarily for the benefit of the beneficiary, defendant herein, plaintiff submitted a contract in which a limited time was fixed within which it might contest the validity of the policy. Inasmuch, therefore, as the misrepresentation statute was not intended to restrict the freedom of contract (Pacific Mutual Life Ins. Co. v. Glaser, supra) and inasmuch as the Supreme Court has held that incontestable clauses are lawful and should be enforced according to their terms (Harris v. Ins. Co., and Williams v. Ins. Co., supra), we

are of the opinion that such statute does not preclude this equitable proceeding for cancellation of the policies within the contestable period, even though the insured is dead.

Assuming, as defendant contends, that the misrepresentation statute were a complete bar to a suit in equity, filed after the death of the insured but within the contestable period, the facts of the instant case show the injustice to which such a rule of law would lead. The present suit was filed December 27, 1924. The first policy would have become incontestable after January 23, 1925, and the second after February 7, 1925. Defendant as beneficiary might well have deferred action on the policies until after they had become incontestable and thereby have precluded a defense, no matter how meritorious, by the company. It is instantly apparent, therefore, that unless a suit in equity will lie to cancel the policy, the company's defense of fraudulent misrepresentations would be wholly lost because, inasmuch as the policy would be incontestable in an action on it, the company would have no adquate remedy at law to assert in its defense.

To deprive a court of equity of jurisdiction, the remedy at law must be so plain, complete and adequate that it attains the full end and justice of the case, reaching the whole mischief and securing the whole right of the party in a perfect manner, not only at the present time but also in the future. In other words, it must be as perfect and adequate as would be the remedy in equity. [Hanson v. Neal, 215 Mo. 256, 279, 114 S. W. 1073; Pocoke v. Peterson, 256 Mo. 501, 519, 165 S. W. 1017; Barrington v. Ryan, 88 Mo. App. 85; McAllister v. Graham, 200 Mo. App. 279, 206 S. W. 393.] Inasmuch as the insurer has no remedy at law whatsoever in an action instituted on a policy, containing an incontestable clause, after the expiration of the contestable period, it is manifest that a suit in equity must lie within such period. In fact it has been so held for this express reason. [Jefferson Standard Life Ins. Co. v. Keeton, and Jefferson Standard Life Ins. Co. v. McIntyre, supra.]

We cannot escape the conclusion, therefore, that the effect of the incontestability clause in these two policies of insurance is to render them incontestable only upon the condition that two years shall have elapsed from the date of issue, without regard to whether Mary F. Canada, the insured, shall live that long or not; that the misrepresentation statute is not a bar to a suit in equity, though instituted after the death of the insured but within the contestable period, to cancel a policy for false and fraudulent misrepresentations in the procurement thereof; and that plaintiff's bill in equity will lie, inasmuch as it has no adequate remedy at law after the expiration of the contestable period.

Accordingly, the Commissioner recommends that the judgment of the circuit court be reversed and the cause remanded.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded. *Daues, P. J.,* and *Becker & Nipper, JJ.,* concur.