AETNA LIFE INSURANCE COMPANY, Appellant, v. JULIA E. DANIEL.—
42 S. W. (2d) 584.

Division Two, October 1, 1931.

*Ray B. Lucas* and *Jones, Hocker, Sullivan & Angert* for appellant.

*M. E. Montgomery* and *Ward & Reeves* for respondent.

880

COOLEY, C.—This action was instituted January 17, 1929, by the Aetna Life Insurance Company, to cancel, for fraudulent misrepresentations in procuring its reinstatement, an insurance policy for $2500 issued by said company to Archie D. Daniel, in which respondent, Julia E. Daniel, was beneficiary. The suit was filed after the death of the insured. A demurrer to plaintiff's petition was sustained. Plaintiff refused to plead further, and judgment was entered for defendant dismissing plaintiff's bill. Plaintiff appealed to the Springfield Court of Appeals, where a decision was rendered affirming the judgment of the circuit court, reported in 33 S. W. (2d) 424. The Court of Appeals certified the cause to this court because of conflict between its decision and that of the St. Louis Court of Appeals in New York Life Ins. Co. v. Cobb, 219 Mo. App. 609, 282 S. W. 494.

It appears from the petition that the original policy was issued November 20, 1921, and contained a provision that it should be incontestable after one year from its date of issue. Premiums were payable on November 20th of each year. The premium due November 20, 1927, was not paid and the policy lapsed. It was reinstated January 27, 1928, on application of the insured. The petition alleges that the insured made certain material false statements in his application for reinstatement on which the insurance company relied and by which it was induced to reinstate the policy; that the insured died August 31, 1928, and that the facts alleged to have been misrepresented by him in his application for reinstatement contributed to his death. The petition asked for cancellation of the policy and that defendant be enjoined from instituting or maintaining an action or a suit under or on account of the policy. The petition did not allege that no such suit had been brought.

Defendant's demurrer was upon the grounds that there was no equity in plaintiff's bill; that plaintiff had an adequate remedy at law, as shown by its petition, and that the petition failed to state facts sufficient to constitute a cause of action.

Respondent's contention is that the insurer would have a complete and adequate remedy at law by asserting the alleged fraudulent misrepresentations as a defense to an action on the policy if such action had been brought by the beneficiary and was pending, thereby permitting the insurer thus to contest the policy; that equity takes cognizance in such cases only to prevent irreparable injury to the insurer in being deprived of a valid defense which it could assert within one year from the date of the policy (or in this case, the

reinstatement), but could not assert thereafter and would therefore lose if an action on the policy were postponed by the beneficiary until after expiration of the contestable period unless the insurer were allowed to contest the policy by suit in equity to cancel; and that therefore, in order to state a cause of action in equity the petition must allege the facts showing that no suit had been brought on the policy and for that reason the insurer could not present such defense and contest the policy by answer within the contestable period and would be remediless without the aid of a court of equity.

Appellant contends that its right to sue for cancellation of the policy for such fraudulent misrepresentations accrued to it when the policy was reinstated, and was not taken away by the death of the insured during the contestable period; that the insurer must contest the policy within one year after its reinstatement or be barred from resisting payment because of such misrepresentations; and that it could sue for cancellation at any time within the year and was not obliged to wait to see whether a suit would be brought by the beneficiary within such period in which the issues could be presented by answer.

As we understand appellant, it contends also that where the policy contains, as in this case, a provision making it incontestable after a specified period and the insured dies within that period, the insurer has an absolute right to sue in equity for cancellation on the ground of fraud or material misrepresentations in the procurement of the policy regardless of whether or not an action to recover under the policy has been brought, and for that reason it need not be alleged that no such action has been brought, the fact being immaterial. And appellant further asserts that such allegation is immaterial and unnecessary, because if an action on the policy had been instituted by the beneficiary it could be dismissed and another suit brought after the expiration of the contestable period, when the defense would be barred. To the latter argument respondent replies that if suit had been brought on the policy and the defense of fraud or misrepresentation had been interposed thereto by answer, such defense would constitute a contest of the policy during the contestable period, within the meaning of the policy, stopping the running of the period and saving the defense, which could in such circumstances be asserted by the insurer in any subsequent suit on the policy.

The Springfield Court of Appeals reached the conclusion that, under prior decisions of this court which it was bound to follow, an insurance company could not in any event maintain an action to

cancel the policy for fraud or misrepresentation in its procurement after the death of the insured, and on that ground held that plaintiff herein could not maintain this suit. The opinion cites the following decisions of this court as compelling such conclusion: Schuermann v. Union Central Life Ins. Co., 165 Mo. 641, 65 S. W. 723; Kern v. Legion of Honor, 167 Mo. 471, 67 S. W. 252; Keller v. Home Life Ins. Co., 198 Mo. 440, 95 S. W. 903; State ex rel. National Council of Knights and Ladies of Security v. Trimble, 292 Mo. 371, 239 S. W. 467; State ex rel. Life Ins. Co. v. Allen, 306 Mo. 197, 267 S. W. 832; State ex rel. Life Ins. Co. v. Allen, 313 Mo. 384, 282 S. W. 46.

As stated by the Court of Appeals those were cases in which a suit had been brought upon the policy and the company sought to convert the action into an equitable one by setting up fraud in the procurement of the policy and praying for cancellation. The right thus to convert the action into one in equity or to sue in equity for cancellation in the circumstances was denied. The court in those cases made the general statement that a suit to cancel could not be maintained after the death of the insured. But in none of those cases was the court considering a policy containing a provision making it incontestable after a specified time, and the language of the court must be read and understood with reference to the issues involved.

Absent a provision in the policy limiting the time within which the insurer may contest it the law is settled in this State by the decisions above referred to that the insurer cannot maintain after the death of the insured an equitable action to cancel the policy for misrepresentation or fraud in its procurement, for the reason that the insurer has a complete and adequate remedy at law by setting up such fraud as a defense to an action on the policy whenever brought. Such is the rule also in the Federal courts. [Ins. Co. v. Bailey, 13 Wall. (80 U. S.) 616; Cable v. U. S. Life Ins. Co., 191 U. S. 288.] The reasons for such holding are well stated in Schuermann v. Ins. Co., supra. But where the policy provides that it shall be incontestable after a stated time the reason for the rule announced in the Schuermann case and like cases would not apply unless an exception were made, because to apply the rule absolutely would or might unjustly deprive the insurer of a valid defense, since such provisions in insurance policies are generally construed to deny to the company absolutely the right to defend on any ground not excepted from the operation of the provision unless the policy is contested on such ground within the time therein designated, whether the insured lives that long or not. And it is generally held, also, that the contest, to be effective, must be by a judicial proceeding in which the facts can be determined and the question adjudicated.

884

In Great Southern Life Ins. Co. v. Russ (C. C. A.), 14 Fed. (2d) 27, it is said that the following propositions are no longer open to debate: (1) That the incontestable clause is valid; (2) that the clause is to be construed liberally and as covering false representations and fraud on the part of the insured; (3) that, where the policy provides that it shall be incontestable after a stated time from "date of issue" the time for contest begins to run from the date of the policy; (4) that the clause inures to the benefit of the policy and applies even where the period elapses after the death of the insured. Numerous authorities, State and Federal, are cited in support of the court's statement.

It follows that where the policy in question contains a provision making it incontestable after a given period and the insured dies within that period, the insurer cannot justly be denied the right to bring and maintain suit to cancel the policy if necessary to preserve a defense which it has the right to assert only within that time. The decisions of this court above referred to are not to be construed as holding to the contrary. They did not deal with policies containing an incontestability provision such as is contained in the one here sought to be cancelled. Where the policy contains such provision and the insured dies before expiration of the contestable period and no suit has been brought to recover under the policy the current of judicial authority is strongly in favor of allowing the insurer to maintain suit in equity to cancel the policy in order not to lose its defense through failure of the beneficiary to sue before expiration of the contestable period. That is a just rule.

This question received careful consideration by the St. Louis Court of Appeals in New York Life Ins. Co. v. Cobb, supra, a suit similar to this one and involving a similar situation except for one allegation in the petition in the Cobb case which is not in the petition in this case, viz., that no suit or action had been instituted on the policy by the defendant beneficiary. The policy in the Cobb case contained a provision making it incontestable after two years. Suit to cancel was brought after the death of the insured, but within the two-year period. The court cited numerous authorities sustaining the right of the insurer under such circumstances to maintain the action, quoting at length from Mutual Life Ins. Co. v. Hurni Packing Co., 44 Sup. Ct. 90, 91, 263 U. S. 167, 177, 68 L. Ed. 235, 31 A. L. R. 102, wherein are set forth reasons why the suit should be allowed. The court in the Cobb case held that the plaintiff could maintain the suit. We think the reasoning in that case is sound and we agree with the conclusion reached upon the facts stated in the petition there under consideration.

If the petition in this case had contained allegations showing that no suit on the policy had been instituted and that the insurer therefore could not set up as a defense the facts showing non-liability, we would hold that it stated a cause of action. Without such allegation we think it failed to state sufficient facts to show that plaintiff was entitled to equitable relief.

After the death of the insured the claim of the beneficiary against the insurer is a legal demand upon which he is entitled to a jury trial, and a claim by the insurer of non-liability because of fraud or misrepresentation by the insured concerning matters which contributed to the insured's death is a legal defense to an action at law upon the policy, triable by a jury. [Schuermann v. Ins. Co., supra; State ex rel. v. Allen, 306 Mo. 197, 267 S. W. 832, supra; Insurance Co. v. Bailey, supra; Cable v. U. S. Life Ins. Co., supra.] That would be true without the provision of our statute, now Section 5732, Revised Statutes 1929, to the effect that the question whether such matters contributed to the death is for the jury. [Schuermann v. Ins. Co., supra.] The insurer thus has a complete and adequate remedy at law unless by some special circumstance it is precluded from making the defense in a suit upon the policy. [See cases last above cited.] The insurer is entitled to invoke relief by an equitable action only when necessary in order to avoid irreparable injury, such as threatened or possible loss of its defense, which it might otherwise sustain. The cases sustaining the right of the insurer to sue for cancellation after the death of the insured and within the contestable period clearly proceed upon that principle.

The incontestable clause in the policy does not affect the question of liability. It merely limits the time within which the insurer may assert a defense which, absent such provision in the policy, could be asserted whenever suit might be brought thereon. If within the contestable period the insurer has opportunity to contest liability in an action at law, we can see no reason why it should be permitted to decline to do so and to elect to sue for cancellation when it could not maintain such suit under a policy not containing the incontestable clause.

This brings us to the contention made by appellant and denied by respondent that even if a suit on the policy had been brought prior to the filing of plaintiff's bill and an answer setting up its defense had been filed therein by the insurer, the plaintiff in such suit on the policy might dismiss that suit and bring another after expiration of the contestable period, in which case the insurer would be barred from contesting its liability.

In Powell v. Mutual Life Ins. Co. of New York, 313 Ill. 161, 144 N. E. 825, cited by both parties herein, the Supreme Court of Illinois, concerning a similar contention, said:

"But it is argued that in case of death and suit on the policy started within two years, where the insurer has filed pleas within the two years, the beneficiary may dismiss his case and bring another after the two-year period has expired, when the insured cannot plead his defense of fraud. This cannot be. Filing such pleas within the two .years stops the running of that period, and, where not voluntarily withdrawn, renders available in a later suit on the policy the defense set out in such plea. The insurer has by such pleas complied with the 'incontestable' clause, and it will avail the beneficiary nothing to dismiss his suit." [144 N. E. 1. c. 828.]

Appellant cites several Federal cases in which the view is expressed that in such circumstances the insurer would be barred from making its defense in the subsequent suit brought after expiration of the contestable period. See New York Life Ins. Co. v. Jensen (Dist. Ct. Neb.), 38 Fed. (2d) 524; New York Life Ins. Co. v. Seymour (C. C. A.), 45 Fed. (2d) 47; Abraham Lincoln Life Ins. Co. v. Kleven (Dist. Ct. Mass.), 33 Fed. (2d) 638.

The holding in Powell v. Ins. Co., supra, appeals to us as based on sound reason and justice. If the beneficiary brought an action on the policy within the contestable period and the insurer, within such period, tendered therein a defense it was then entitled to make, and the beneficiary dismissed such suit and after the expiration of the contestable period brought another suit on the policy, the beneficiary should then in reason and justice be held to be precluded from asserting that the insurer had not contested the policy within the time prescribed. Certainly no court would permit a litigant thus by his own act to deprive his adversary of a valid defense which such adversary had timely offered. And we agree with the Illinois Supreme Court that by thus filing its plea within the contestable period, such plea not being voluntarily withdrawn, the insurer would have "complied with the 'incontestable' clause," and would be entitled to set up such defense in any subsequent suit brought by the beneficiary on the policy.

Although the fact does not appear in the record appellant, by way of emphasizing its argument, informs us in its brief that defendant herein had in fact brought such suit which was pending when this suit was filed, but that such suit on the policy was dismissed before appellant had pleaded or was by law required to plead thereto, and after the expiration of the contestable period. But appellant suggests no reason why it could not have pleaded thereto and have tendered its defense therein as easily and speedily as it could and did file this suit to cancel. While

it had the legal right to wait until the return term of the writ to file its answer, it was not compelled to do so. The statute does not preclude a defendant from answering before the return term. On the contrary, it provides that he shall plead on *or before* the date specified. Under the facts related in its brief appellant clearly had the opportunity to contest the policy at law without bringing suit to cancel.

It is contended that Section 5732, Revised Statutes 1929, which provides that no misrepresentation made in obtaining the policy shall be deemed material or avoid the policy unless the matter misrepresented actually contributed to the event on which the policy was to become payable, and that whether it so contributed is a question for the jury, has no application in a suit to cancel the policy; that it only applies in actions at law upon the policy. Appellant quotes from the Schuermann case in substance that the act was not intended as a general restraint upon the power of courts of equity, by proper proceedings, to relieve against fraud perpetrated against insurance companies, and from the Kern case that "the statute takes away no material right that was enjoyed prior to its adoption." Nothing we have said herein runs counter to the holding in the Schuermann and Kern cases. Nor does our conclusion rest upon the provision of Section 5732 that the question of whether the alleged misrepresented facts contributed to the death of the insured is for the jury. Without that provision such question would be for the jury in a suit brought on the policy after the death of the insured, as pointed out above and as held in the Schuermann case. But those cases do not authorize a holding that the statute is in no way to be considered in a suit in equity to cancel brought after the death of the insured where such suit is maintainable. The statute has an important purpose other than to declare it to be a jury question whether or not the alleged misrepresented facts contributed to the insured's death, a purpose clearly and forcibly pointed out in the Schuermann case. It limits and prescribes the character of misrepresentations for which liability under the policy may be avoided after the death of the insured. That part of the statute must necessarily be taken into consideration in any action by which liability is sought to be denied after the death of the insured, by whatever form of action or in whatever forum non-liability may be asserted. Appellant recognized that fact in this case by pleading in its petition that the matters misrepresented by the insured, because of which it sought cancellation of the policy, contributed to the death of the insured.

For the reasons stated the judgment of the circuit court is affirmed. *Westhues* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by Cooley, C., is adopted as the opinion of the court. All of the judges concur.