MISSOURI VALLEY LIFE INSURANCE COMPANY, A CORPORATION, AP-
PELLANT, v. MARY F. RIDDLE, WILBUR L. RIDDLE AND LEWIS
RIDDLE, RESPONDENTS.—43 S. W. (2d) 1059.

Springfield Court of Appeals.    December 11, 1931.

*Orville Zimmerman* for appellant.

*Oscar V. Seed* for respondent.

COX, P. J.—Action by plaintiff, a life insurance company, to cancel for fraud a policy issued by it to J. Frank Riddle. This policy provided that it should be incontestable after one year except for nonpayment of premiums. The insured died and this suit was brought within the contestable period. The trial court sustained a demurrer to plaintiff's petition and plaintiff appealed.

The demurrer was upon the ground that the petition did not state a cause of action for the reason that a suit to cancel a life insurance policy for fraud in its procurement could not be maintained after the death of the insured. That is the rule as to all policies that do not provide for an incontestable period but where an incontestable period is provided the rule is different. This case was submitted October 28, 1930, and has been held waiting the decision of the Supreme Court in Aetna Life Insurance Company v. Daniels, 42 S. W. (2d) 584, found in the advance sheets of the Southwestern Reporter of November 4, 1931. In that case the Supreme Court held that a suit to cancel a life insurance policy containing a clause providing for an incontestable period could be maintained within the contestable period and after the death of the insured, if there were no action at law pending in which the defense of fraud could be asserted by answer, and if such a suit were begun by the insurance company, it would be necessary to allege in the petition that no legal action upon the policy was pending and if that allegation were not made, the petition would be subject to demurrer. In this case the allegation was made that no action at law on the policy had been begun and that meets the requirements as held by the Supreme Court in the Daniels case and hence the court erred in sustaining a demurrer to the petition in this case.

The demurrer filed in this case states that there was a suit at law then pending between the same parties and by reason thereof the plaintiff could, by answer within the contestable period, make the defense of fraud in that action and for that reason the plaintiff had an adequate remedy at law. These facts, however, did not appear on the face of the petition and for that reason could not be considered by the court in passing upon the demurrer. That question could only be raised by a plea in bar, and, had that plea been filed, the court could then have ascertained whether or not the facts alleged in the plea were true and if it found they were true, it could then have passed on the question whether the filing of the suit at law after the suit to cancel was filed would abate the suit to cancel in case the insurance company could then assert the defense

of fraud in the law action. Since no plea in bar was filed, the question is not before us.

For the error noted, the judgment will be reversed and the cause remanded. *Bailey* and *Smith, JJ.*, concur.