NEW YORK LIFE INSURANCE COMPANY, a Corporation, v. MANLEY N. FEINBERG, a minor, and DARLE T. FEINBERG, a minor for both of whom FLORENCE FEINBERG, 1816 Thilenius Ave., Cape Girardeau, Missouri, is the legally appointed Guardian and Curatrix, Appellants.—No. 40487.—212 S. W. (2d) 574.

Division One, April 12, 1948.

Rehearing Denied and Opinion Modified, May 10, 1948.

Motion to Transfer to Banc Overruled, June 14, 1948.

*Allen L. Oliver* and *Oliver & Oliver* for appellants.

*Finch & Finch, Jones, Hocker, Gladney & Grand,* and *Vincent L. Boisaubin* for respondent; *Ferdinand H. Pease* of counsel.

[575] CLARK, J.—Appeal from a decree of the Circuit Court of Cape Girardeau County in favor of respondent insurance company canceling two policies of life insurance, each in the face amount of $10,000.00.

The transcript on appeal is long and the briefs raise and thoroughly discuss many legal questions. Yet, in our view of the case, it is necessary to discuss only a few legal questions and to state only such facts as are pertinent to those questions.

On February 4, 1944, Philip Feinberg made written application to respondent for life insurance. On May 3, 1944, respondent issued two policies, for $10,000.00 each, payable at his death to his two minor children. One of the policies was delivered to insured on May 15 and the other on May 27, 1944 and the premiums were paid at the time of delivery. Insured died on April 5, 1945.

On July 6, 1945, respondent notified the beneficiaries that it rescinded and canceled the policies and offered to return the premiums.

On January 23, 1946, respondent sued in equity to cancel the policies for alleged misrepresentations in obtaining them and breach of condition that they were not to become effective if applicant had consulted [576] or been treated by a physician between the dates of medical examination and delivery of the policies.

In the application insured stated that he had never had, or consulted a physician for any ailment or disease of the heart, blood vessels or lungs; that he had not consulted or been examined by a physician [other than named] within the last five years; and that those statements were true and the company might rely upon them. The application further stipulated that the insurance should not go into force until delivery of the policy and payment of first premium, and not then if applicant had consulted or been treated by a physician since his medical examination.

Each policy contained a clause stating that it would be incontestable after two years from date, except for nonpayment of premiums:

Respondent's petition alleged that insured died from a heart ailment for which he had been treated by physicians for several years, and that the representations made by him in his application were false and fraudulent. Also that he falsely stated that he had not consulted a physician since his medical examination. Summons was issued and the sheriff first made return that he delivered the summons and a true copy of the petition to the guardian of the minor defendants and made non est returns as to the minors. Later, by leave of court and over the objections of defendants, the sheriff amended his return to state that he served the minors by delivering a true copy of the petition to their legal guardian.

Defendants, limiting their appearance to the purpose of the motion, moved to quash the summons and return. This being overruled, de-

fendants filed a pleading styled "plea to the jurisdiction, plea in bar and answer." Jurisdiction was assailed both because of the alleged faulty service and on the ground that plaintiff [respondent] had an adequate remedy at law and, therefore, no standing in a court of equity. The latter claim was based upon the allegation that there was then pending a suit in the Federal District Court brought by the minor beneficiaries' on the policies, in which respondent had set up as defense, the same allegations contained in its petition in the equity suit. ...

The suit then pending in the Federal Court had been filed by the minors in a state court in Arkansas, after respondent had filed the equity suit, and shortly before the expiration of the two year period from the issuance of the policies. The Arkansas suit was removed to the Federal Court on the application of respondent insurance company and later dismissed by stipulation without prejudice.

After the expiration of the two year period the minors brought suit on the policies in the Circuit Court of Cape Girardeau County, and stated in their petition that they consented that the insurance company could make the defense of misrepresentation in that suit. On petition of the insurance company that suit was removed to the Federal Court. Later the insurance company obtained an injunction in the Circuit Court of Cape Girardeau County restraining the minors from prosecuting their suit in the Federal Court.

The minor defendants persisted in their assault on the court's jurisdiction of the equity case: by filing a motion to dismiss, which was overruled; by filing a motion to stay until their suit at law could be tried, which motion was first sustained and then overruled; and finally by including a plea to the jurisdiction in their answer.

The equity suit came to trial on March 12, 1947. A jury was empaneled and several interrogatories submitted, all of which the jury answered in favor of the contentions of the minor defendants. The court signed a decree accepting the answers of the jury and rendering judgment for the defendants on the policies, but by the court's order this decree was withheld from the record and the court took the case under advisement. On April 8 the case was reopened and further testimony heard on behalf of the plaintiff in the absence of the jury. The case was again taken under advisement and, on May 23, the court rendered a decree rejecting the answers of the jury and canceling the policies.

[577] Legal questions determinative of this appeal are (a) was the service on the minor defendants sufficient to confer jurisdiction; (b) were the defendants entitled as of right to a trial by jury, and was such a trial accorded them?

The sheriff's amended return states that he served the minors by delivering a copy of the summons and petition to their legal guardian. We hold the service is good. Section 27(b) of the Civil

Code [Mo. R. S. A. 847.27(b)] says: "If the infant . . . has a legally appointed guardian . . . , by serving a copy of the summons and of the petition on said guardian . . . " Supreme Court rule 3.09 says: "A summons containing only the names of the defendant or defendants or other parties to be personally served . . . , together with a copy thereof and a copy of the petition for each defendant *or person to be served,* shall be delivered to the officer or other person who is to make the service." We emphasize the words "or person to be served" because under Section 27(b), if the infant has a legally appointed guardian, the guardian is the person to be served and to whom the summons and petition must be delivered. Section 27(a) provides the manner of service on an infant who has no legal guardian, but the law does not require delivery of copies to an infant who does have a legal guardian nor multiple copies to a guardian who represents more than one infant. [43 C. J. S., p. 318.]

■ Appellants contend that respondent has no standing in a court of equity because it has an adequate remedy at law by way of defense to a suit on the policies. That would be true if the policies contained no incontestable provision, [Aetna Life Ins. Co. v. Daniel, 328 Mo. 876, 42 S. W. (2d) 584] but, since they do, respondent would be deprived of *all* remedy if it permitted two years to elapse from the date the policies were issued. Respondent waited one year and nearly nine months after issuing the policies before bringing suit to cancel. Under the circumstances a court of equity had jurisdiction to afford respondent an opportunity to contest the validity of the policies, a remedy which might otherwise be lost by the mere lapse of time. [New York Life Ins. Co. v. Cobb, 219 Mo. App. 609, 282 S. W. 494.] Jurisdiction in equity having attached was not lost by the beneficiaries later, but still within the contestable period, filing suit on the policies and thus affording respondent a remedy at law. [Equitable Life Ins. Co. v. Mann (Iowa), 295 N. W. 461.] It is a general rule that where two courts have co-ordinate jurisdiction, the one whose jurisdiction first attaches will retain it and proceed to final judgment. [State ex rel. Sullivan v. Reynolds, 209 Mo. 161, 107 S. W. 487, 15 L. R. A. (N. S.) 963; New England Mut. Life Ins. Co. v. Weyenberg, 29 Fed. Supp. 177.] Nor does the offer of appellants to permit respondent to make its defense in the lawsuit, filed after the expiration of the contestable period, oust the equity court of its jurisdiction previously obtained. "It would seem clear that a court of equity will not withhold relief from a suitor merely because he may have an adequate remedy at law, if his adversary chooses to give it to him. The remedy at law cannot be adequate if its adequacy depends upon the will of the opposing party." [Bank of Kentucky v. Stone, 88 Fed. 383.]

■ We hold that the circuit court, as a court of equity, had jurisdiction of this suit to cancel the policies, but it does not follow that

appellants were not entitled as a matter of right to the verdict of a jury on one issue in the case.

Section 5843, R. S. Mo. 1939, [Mo. R. S. A.] provides: "No misrepresentation made in obtaining or securing a policy of insurance on the life or lives of any person or persons, citizens of this state, shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable, and whether it so contributed in any case shall be a question for the jury."

Respondent cites cases announcing the general rule that when a court of equity has and assumes jurisdiction of a case it [578] will decide all the issues, both law and fact; and, though it may submit fact issues to a jury the verdict is merely advisory. None of those cases consider whether a statute like Section 5843, supra, may not change the general rule and grant the right to a jury verdict on a specific fact issue even in an equity case.

On this particular point respondent cites Missouri insurance cases as follows: New York Life Ins. Co. v. Cobb, 219 Mo. App. 604, 282 S. W. 494; Schuermann v. Life Ins. Co., 165 Mo. 641, 65 S. W. 723; Kern v. Legion of Honor, 167 Mo. 471, 67 S. W. 252. In New York Life Ins. Co. v. Cobb the sole question decided was that an insurance company may maintain a suit in equity to cancel a policy after the death of insured but within the contestable period. [219 Mo. App., l. c. 613.] The right of defendant to a jury trial in such a suit was not raised or decided, although the statute, now Section 5843, was mentioned and reference was made to statements in the Schuermann and Kern cases concerning the statute. The Schuermann case was a suit at law on a life insurance policy. Defendant, insurance company, defending on the ground that the policy was obtained by false representations, objected to trial by jury. The objection was overruled, the case was submitted to a jury and a verdict returned and judgment entered for plaintiff. On appeal Division One of this Court affirmed the judgment and in discussing the statute, now Section 5843, indulged in language which has since caused some confusion. The court said: "Section 7890, in one sense, may be said to be nothing more than a legislative declaration of policy, that in actions at law, upon policies of insurance, their consideration must be proceeded with to final determination before a jury . . . " That was pure obiter and so recognized in the opinion, for it distinctly says: "That question was not properly before the court." The opinion also very truly says: "As said, that [misrepresentations] is a legal defense strictly, triable by a jury, whether the section in question had so designated it to be tried as such or not." The Kern case was a suit against a fraternal beneficiary association on a life policy. The answer set up the defense of false and fraudulent representations. The defendant claimed that this converted the case into one in equity. The trial

court and Division One of this court held otherwise. The opinion says [1. c. 487] that under the statute the power to determine whether the matter misrepresented actually contributed to the insured's death is in the jury, and not in the court.

Metropolitan Life Ins. Co. v. Erdwins, 229 Mo. App. 437, 83 S. W. (2d) 597, was a suit by the company to cancel a life and accident policy for fraudulent representations in its obtention. The opinion states, "There was no objection made by the defendants to the trial of this suit as one in equity and as it was tried by all parties on the theory that it was an equitable proceeding *in toto* the cause will be tried in this court on the same theory." [229 Mo. App. 1. c. 447.]

The appellate courts of this state have held, without exception, that in actions at law upon policies of life insurance, in which misrepresentations are set up as a defense, the question of whether the matter alleged to be misrepresented contributed to the death of the insured is for the jury. No case has been cited and we have found none which squarely passes upon the right of a defendant to a jury trial on the issue of "contribution" in an equity case brought by an insurance company to cancel a life policy for misrepresentations.

Respondent in the instant case stresses the obiter contained in Schuermann v. Union Central Life Ins. Co., 165 Mo. 1. c. 649, and repeated in a few later cases, to the effect that the statute [sec. 5843] means that in *actions at law* only, the issue of "contribution" is for the jury. If this is the true meaning of the section, the last portion of it, reading "and whether it [matter misrepresented] so contributed in any case shall be a question for the jury," might just as well be omitted from the section. Such construction makes the quoted clause [579] meaningless, for without it the issue would be a question of fact for the jury in a law case. [Schuermann v. Ins. Co., supra, 1. c. 651; Aetna Life Ins. Co. v. Daniel, 328 Mo. 876, 1. c. 887, 42 S. W. (2d) 584.]

But respondent suggests that the title of the misrepresentation statute indicates that, insofar as the right to a jury is concerned, the section deals solely with actions at law. The statute was enacted in 1874 [Laws of 1874, page 89] and contained two sections, Section one being substantially present Section 5843 and Section two being substantially present Section 5846. The title of the act is "An Act in relation to misrepresentation in obtaining or securing life policies in insurance companies, and requiring the defendants in actions brought on such policies to return premiums received and the interest thereon to the plaintiffs in certain cases." We think the title adequately covers both sections of the act. Section one [now 5843] provides that, to render a policy void, a misrepresentation must contribute to the loss and whether it does so contribute *in any case shall be a question for the jury.* That was already a jury question in actions at law, but legislation was necessary to make it a jury question in suits in

equity. The first section, unlike the second, does not speak of a *defense*. It is broad enough to cover the subject whether set up as a cause of action or as a defense to an action. Section two [now 5846] provides that no *defense,* based upon misrepresentations, shall be valid in suits brought on life policies unless the premiums be returned. That clearly relates to actions at law and is covered by the last part of the title, requiring premiums to be returned "in certain cases." It was already the rule in equity to require premiums to be returned before a decree of cancellation would be rendered.

We hold that the purpose of Section 5843 is two-fold: first, to render a life policy void the matter claimed to be misrepresented, whether termed "misrepresentation" or "condition precedent," must have actually contributed to the death of the insured; second, whether it so contributed *in any case,* law or equity, is a question for the jury.

We think it was within the power of the General Assembly to so provide, and similar provisions are in force in other jurisdictions. [156 A. L. R. 1160, sec. "c"; 30 C. J. S., p. 892, sec. 495; 35 C. J., p. 161, n. 46.]

As we view it the functions of the chancellor are not changed except that, when demanded, a jury trial must be accorded on the specific issue provided in the statute and the verdict of a jury on that issue would have the same effect as in a suit at law.

In the instant case appellants were entitled to a jury trial on the issue mentioned in the statute. Their failure to be accorded such a trial as the statute contemplates requires us to remand the case.

Accordingly, the judgment is reversed and the cause remanded for a new trial. All concur.

### ON MOTION FOR REHEARING

CLARK, J.—The motion reargues the right of appellants to a jury trial on the question of whether alleged misrepresentations contributed to the death of insured, but presents nothing new on that question.

The motion also says that the opinion may be construed as holding that there is no distinction between a "misrepresentation" and a "condition precedent." The opinion does not hold that there may be no such distinction in any case. The opinion deals with the facts of this particular case. Here the alleged condition precedent is that the policy should not go into effect if the applicant had consulted a physician since his medical examination. That statement is in a paper signed by the insured at the time the policies were delivered and states that it is an amendment to the application. Each policy states that the application is a part of the contract and all statements, in the absence of fraud, shall be deemed representations and not warranties.

The opinion holds, and respondent's original brief at page nine concedes, that, either to cancel the policies for misrepresentation [580] or to prevent them from becoming effective by the condition alleged, the matter covered by the representation or the condition must have actually contributed to the death of the insured. The opinion further holds that in this case the fact of contribution in either contingency is for the jury.

The motion is overruled.