### DUNCAN v. NATIONAL UNION FIRE INS. CO. et al.   (No. 3024.)

Court of Civil Appeals of Texas. Amarillo. March 14, 1928.

**1. Appeal and error ⬳396—Failure to serve notice of application for injunction and notice of appeal from refusal thereof held immaterial (Rev. St. 1925, arts. 4654, 4662).**

Failure to serve notice of application for injunction restraining the prosecution of suit filed in another district and of notice of appeal from refusal to grant injunction *held* immaterial, since Rev. St. 1925, art. 4662, providing for appeal from denial of application for injunction, does not require notice, and provision of article 4654, for service of notice on opposite party, has no application, where court peremptorily refuses to grant· application for injunction.

**2. Courts ⬳475(I)—Proceedings in district court of one county, after jurisdiction had attached pursuant to petition previously filed in another county, were void.**

Where subject-matter of petition seeking cancellation of certain indemnity ـand for accounting was within jurisdiction of district court, jurisdiction thereof attached on filing of petition, though it did not present a cause of action, and all subsequent proceedings in district court of another county were void.

**3. Courts ⬳475(I)—Subsequent suit on bonds held identical with previous suit in different county for accounting and cancellation of bonds.**

Where suit for accounting and for cancellation of certain indemnity bonds, if successful, would relieve sureties from liability thereunder, subsequent suit in different county seeking recovery on such bond *held*, as bearing on right to maintain suit, identical, as involving bonds and liability thereon, though subsequent suit was also against sureties on bonds who were not included in first suit.

**4. Courts ⬳480(I)—No injunction may issue from district court of county restraining judge of district court of another county from proceeding with suit.**

No injunction may issue from district court of one county restraining judge of district court of another county from proceeding with action therein, since ·courts have coördinate power and jurisdiction; remedy being by temporary injunction restraining parties from proceeding with suit.

Appeal from District Court, Floyd County; Charles Clements, Judge. ·

Application for injunction by S. E. Duncan against the National Union Fire Insurance Company and others. Judgment denying the injunction, and plaintiff appeals. Reversed and remanded, with directions.

Ayres & Payne, of Floydada, for appellant.

Thompson, Knight, Baker & Harris, of Dallas, for appellees.

RANDOLPH, J. Appellant, on the 7th day of November, 1927, filed suit in the district court of Floyd county, Tex., against appellee, for an accounting and to cancel certain bonds given by appellant to appellee, to secure the faithful performance of his duty as an agent of the defendant company, appellee herein.

On the 6th of December, 1927, appellant filed his amended petition in lieu of his original petition filed on the 7th of November. On the 19th of November, 1927, the defendant company, appellee, filed its suit, seeking a recovery on said bonds in the district court of Dallas county, against appellant, Duncan, and his sureties on said bond.

Appellant, Duncan, filed, in the district court of Dallas county, in such suit brought by the insurance company, his plea in abatement, which was overruled by the judge of that court. Appellant then presented, to Hon. Charles Clements, judge of the district court of Floyd county, an application for an injunction, restraining Hon. Towne Young, judge of the Forty-Fourth (Dallas) judicial district of Texas, and said National Union Fire Insurance Company, its attorneys, agents and employees, from further proceeding in the suit filed in the said Dallas county district court. This application for injunction was presented to ·said judge of the district court of Floyd county, and was by him refused. The entry of Judge Clements noted on the application for the injunction is as follows:

"S. E. Duncan v. The National Union Fire Insurance Co.   No. 2021.

In the District Court Of Floyd County, Tex., in Chambers.

"On this the 30th day of January, A. D. 1928, the above and foregoing petition of S. E. Duncan, praying for an injunction, as therein set out, has been duly heard and considered by the court, and, it appearing to the court that the cause of action involved in said petition for an injunction is now pending for settlement in the district court of Dallas county, Tex., and that on a hearing before the court in Dallas county, Tex., ·on a plea in abatement presented by S. E. Duncan, plaintiff herein, said Dallas county, district court, after having fully heard and considered said plea in abatement, overruled said plea in abatement, thereby said district court of Dallas county, Tex., retained, and now has and is claiming, jurisdiction to try the cause of action involved in the petition for injunction herein.

"The court is of the opinion that, said plea in abatement having been overruled by the Dallas

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

county district court the recourse of S. E. Duncan, plaintiff herein, is by appeal from the ruling of said Dallas county district court, and that this court has no jurisdiction whatever to interfere with the procedure, orders, and judgment of the district court of Dallas county, Tex.

"It is therefore the order of this court that the above and foregoing petition for injunction be not granted, and the same is hereby refused by this court. Charles Clements, Judge of the Sixty-Fourth Judicial District of Texas."

From this refusal to grant the injunction, the applicant for same has appealed to this court.

For the purpose of the decision of the questions involved in this appeal, the facts as set out in the plaintiff's petition in this suit and in the application for the injunction, which was duly sworn to, will control.

[1] The appellee herein, the insurance company complains of the absence of any notice of the application for injunction and notice of appeal from the refusal of the lower court to grant same, and that, as a fact, it had no notice of the application, refusal, and appeal until the clerk of this court mailed it a postal card, notifying it of the filing of the transcript in this court, on this appeal.

Article 4662, Revised Civil Statutes of 1925, which provides for an appeal from the refusing of an application for injunction, does not require any notice of the proceedings to the adverse party, and, further, provides that an appeal from such refusal may be had by the filing of the transcript in the Court of Civil Appeals. The only requirement for notice is contained in article 4654, which provides that, should it appear to the judge that delay will not prove injurious to either party, and that justice may be subserved thereby he may cause notice of such application to be served upon the opposite party, his agent or attorney, in some manner as he may direct, and fix a time and place for the hearing of said application. Certainly this provision has no application where the court peremptorily refuses to grant the application for the injunction.

As we view the questions presented by this appeal, the opinion of Chief Justice Cureton, in the case of Cleveland v. Ward (Tex. Sup.) 285 S. W. 1068, is absolutely decisive of, and as against, the contentions of appellee.

The record discloses that a suit had been filed in the district court of Floyd county seeking the cancellation of certain indemnity bonds and for an accounting as between the appellant herein and the insurance company. It appears that service of citation has been had in the suit in Floyd county. Consequently, the Floyd county district court had jurisdiction of the cause at the time of the filing of the suit in the district court of Dallas county.

[2] The appellee's contention that the petition filed in this cause does not present a cause of action becomes immaterial, under Judge Cureton's decision in the Ward Case. As said by him in that case:

"Regardless of the question as to whether the original petition was sufficient in all respects against demurrer, its subject-matter was within the jurisdiction of the district court of Johnson county, and that court, by the filing of the petition, acquired jurisdiction of the suit."

This applies to the petition in this case, and, the jurisdiction of the Floyd county district court having attached, all proceedings in the district court of Dallas county were and are void. Cleveland v. Ward, supra.

[3] The contentions of appellee that the parties to the suit in the district court of Dallas county are not the same and occupy different positions from the parties in the suit in Floyd county, and, that the cause of action and relief prayed for in the Dallas county district court are, in every material and essential respect, different from the cause and relief prayed for in the Dallas suit, are untenable. Both suits involve the bonds and liability thereon. While the Dallas suit is also against the sureties on the bonds, and such sureties are not included in the Floyd county suit, yet their liability on the bonds is not a primary one, and the plaintiff's success in obtaining a judgment in the Floyd county case would release the sureties from such liability. Cleveland v. Ward, supra.

[4] We hold that no injunction can or shall issue from the district court of Floyd county restraining Judge Towne Young, judge of the Dallas county district court, because his is a court of co-ordinate power and jurisdiction with the district court of Floyd county. Cleveland v. Ward, supra.

We therefore reverse the judgment and order of the Floyd county district court, and remand the cause to that court, with instructions that this application for injunction be set down for hearing, and that notice issue to the adverse parties of the time and place for such hearing, and that on the hearing thereof, if it is made to appear that the suit in Floyd county district court was filed in said court prior to the filing of the suit in district court of Dallas county, and that citation has been duly issued therein, as required by law, said judge of the district court of Floyd county, to wit, Hon. Charles Clements, shall grant a temporary injunction in this cause, restraining the National Union Fire Insurance Company, its agents, attorneys and employees, as prayed for in the petition for injunction herein filed.