## ÆTNA LIFE INS. CO. v. KENNEDY.

Circuit Court of Appeals, Eighth Circuit.
March 19, 1929.

No. 8275.

David A. Fitch, of Omaha, Neb. (Norris Brown and Ralph M. West, both of Omaha, Neb., on the brief), for appellant.

Before STONE, LEWIS, and COTTERAL, Circuit Judges.

STONE, Circuit·Judge. From an order sustaining a motion to dismiss and the dismissal of an amended complaint to cancel a life insurance policy, this appeal is brought.

The amended complaint alleges that William R. Kennedy secured from appellant a policy insuring his life which was executed by appellant August 25, 1927; that this policy was issued upon an application containing the provision "this policy shall not become effective until the first premium upon it is paid during the good health of the insured"; that insured died on September 10th, following, of a disease from which he was suffering at the time the application was made and the policy issued and the first premium paid; that appellant did not discover the facts as to this existing illness until after the death; also that the policy contained a provision that it should be incontestable "after it has been in force during the lifetime of the insured for a period of one year from its date of issue except for non-payment of premium"; that there is a statute of Nebraska providing that such character of policy shall be incontestable "after it shall have been in force during the lifetime of the insured for two years from its date except for nonpayment of premiums and except for violation of the conditions of the policy relating to naval and military services in time of war" (Laws Neb., 1925, c. 121); that, because of the above provisions of the statute and of the policy, this equitable action within the period of one year from the date of the policy is necessary to preserve the right of cancellation for the above reason; that the beneficiary might delay suit upon the policy for more than such year so that the matters set up in this bill could not be pleaded in defense; that therefore the only adequate remedy of appellant is this suit within the year.

The grounds of the motion to dismiss were for want of equity, an adequate remedy at law, and lack of jurisdiction in the court. It does not appear from the transcript which of these grounds convinced the trial judge and induced the order of dismissal.

There seems to be no jurisdictional objection, as there is the necessary diversity of citizenship and amount involved. The only reason which occurs to us why there could be want of equity in the bill is that an adequate remedy at law exists. Ordinarily, this would be true, because the insur-

ance company could present its case in an answer to a suit upon the policy. Where suit on the policy might be delayed until the expiration of the year within which the right of cancellation exists, and where, in presenting the grounds of cancellation in an answer to a suit filed beyond that time, appellant would be faced with the proposition that it had lost such right through not exercising it within the time limitation of the policy or statute, there would be good reason to permit a suit of this character. Whether such right would (under the above circumstances) be lost because of the incontestability provisions in this policy and in the statute depends upon the meaning of those provisions. Here that inquiry depends upon whether incontestability existed only if the policy were in force "during the lifetime of the insured" for the periods required. In other words, must the insured remain alive during the two years of the life of the policy, in accordance with the statute, and during the one year, in accordance with the policy, to make it incontestable? We think the meaning of the statute and of the policy is clear in this respect. The statute means that the policy shall be incontestable only if the insured lives for two years after it comes into force, and the policy means that it shall be incontestable only if the insured lives for one year after the policy comes into force. The reasons for these provisions in the statute and the policy are clear. They are to prevent imposition and fraud upon insurance companies by persons who, concealing their ill health, obtain insurance when that ill health is of a character which produces early death, thus causing great loss to the insurance companies and thereby affecting other and honest policyholders.

As this insured died within a year after this policy came into force, the incontestable clause never became or could become effective, either under the policy or under the statute. Therefore, the ground for cancellation, set forth in this amended complaint, would not be barred as a defense to a suit on this policy, even though such suit might not be brought until more than two years after the policy became effective. With this ample and adequate remedy at law existing, there is no basis for equitable jurisdiction. The court was right in dismissing the amended complaint. However, to avoid any possible effect from this present action upon appellant's rights, it is deemed best to modify the decree below by the provision that such dismissal is without prejudice to appellant to avail itself of its rights in any action brought against it upon the above policy.

The decree is reversed, with instructions to the trial court to set aside the decree and enter a decree in accordance with the just preceding direction.