DALLAS JOINT STOCK LAND BANK OF DALLAS v. GLENN et al.

No. 8397.

Court of Civil Appeals of Texas. San Antonio.

Feb. 6, 1930.

Renfro, Ledbetter & McCombs, of Dallas, for appellant.

J. C. Epperson, of Edinburg, Bliss & Daffan, of San Antonio, and H. G. Ferguson, of Edinburg, for appellees.

SMITH, J.

Lloyd V. Mallon obligated himself to pay the Dallas Joint Stock Land Bank the sum of $25,000, evidenced by his promissory note to the bank, and secured by a deed of trust lien upon 5,000 acres of land owned by Mallon and situated in Starr and Hidalgo counties. Mallon sold the land to G. O. Newman, who in turn sold 3,059 acres thereof to P. E. Glenn. In the latter transaction Glenn assumed to pay $16,295 of Mallon's $25,000 note held by the bank, and executed additional notes in favor of Newman. John T. Judd and Margaret Cartmell also owed the bank a debt secured by a lien upon said land, and also held some of the vendor's lien notes executed by Glenn as a part of the purchase price he had agreed to pay Newman and others interested with him. This statement of the transaction is general, but deemed sufficient; it is certainly more specific than the statements thereof in the briefs of the parties.

Prior to June 1, 1929, Glenn, who had purchased part of the land from Newman, brought suit against the latter and his alleged associates in a district court of Hidalgo county for rescission of his contract to purchase the land from Newman, and to cancel the several obligations assumed by him in that transaction, alleging that he was induced to purchase the land and assume the obligations through the fraud of his grantors, the defendants named in his petition. He also prayed for and obtained a temporary injunction, restraining the defendants from foreclosing the liens obtained by them from Glenn in said transactions. The Dallas Joint Stock Land Bank, holder of the original lien for a debt which had been assumed in part by Glenn, was not made a party to the latter's suit in Hidalgo county. Up to this time said Bank had not indicated a purpose to foreclose its lien, or to hold Glenn upon his assumption of the debt due the bank.

Subsequently, on September 26, 1929, however, the Dallas bank instituted suit in a district court of Dallas county to recover upon the $25,000 note, a part of which had been assumed by Glenn when he purchased part of said land from Newman, and to foreclose its lien upon the land. Glenn and some of the defendants in the Hidalgo county suit were named as defendants in the Dallas county suit, and all were sought to be concluded in the latter suit by personal judgment for the amount of the debt, and foreclosure.

A few days later Glenn, upon hearing of the institution of the suit in Dallas county, amended his petition in the Hidalgo county suit, impleaded the Dallas bank and Mallon, and prayed for a temporary injunction restraining the bank from prosecuting its suit as against him pending adjudication of his rights and liabilities in the Hidalgo county suit. The trial court granted this relief, and, from an order refusing to dissolve the injunction at the instance of the bank, the latter has appealed.

We conclude that the injunction was rightfully granted. Appellee first filed his suit in Hidalgo county to cancel the contract by which he had purchased the land involved and assumed the debt upon which the bank subsequently sued him in Dallas county. If appellee is successful in his suit, he will be relieved of liability upon the very obligation now sought to be enforced against him in the Dallas court. By this process appellee's liability has become the subject-matter of both suits, although it must be adjudicated in the Hidalgo county suit, and as a practical matter. at least, cannot be adjudicated in the Dallas county suit. The Hidalgo county suit was commenced first, and the court there, having first obtained jurisdiction over the subject-matter, should not be hindered in the adjudication by suits thereover subsequently commenced in other jurisdictions.

It is true that appellant was not impleaded at the commencement of the Hidalgo county suit, but at that time it had not manifested a purpose to accept appellee's assumption of the original debt and hold him liable thereon, and was therefore not a necessary party to appellee's suit. But, when appellant afterwards manifested such purpose, appellee promptly and properly impleaded him in the existing suit. The Hidalgo court having obtained jurisdiction over the subject-matter, it necessarily had the power to implead all parties at interest, and conclude them all, and, pending that adjudication in the court first obtaining jurisdiction over the subject-matter, appellant will not be permitted to prosecute his action thereon in another jurisdiction. By electing to waive its right to hold Glenn upon his assumption of the debt, and dismissing him from its suit, the bank could, no doubt, proceed with its action to recover against the original debtors. But, so long as it seeks to hold Glenn upon his assumption of the debt, it must await adjudication of the question of his liability thereon in the court first obtaining jurisdiction over that subject.

The judgment is affirmed.