## LUMBERMEN'S MUT. CASUALTY CO. v. BAGLEY.

### No. 664.

Circuit Court of Appeals, Tenth Circuit.

Jan. 9, 1933.

Lowell White, of Denver, Colo., for appellant.

Ivor O. Wingren, of Denver, Colo., for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge.

This suit was brought by appellant to cancel an accident policy, and was dismissed on appellee's motion, for want of equity. This appeal challenges the order of dismissal.

The policy is not exhibited with the bill, but the bill alleges the policy was issued by the company to the appellee, that it imposes liability of the company to him for damages he is required to pay to others due to his use of a certain automobile, contains provisions that he shall give the company immediate written notice of an accident with the fullest information obtainable, aid in effecting settlements, securing evidence, prosecuting appeals, and voluntarily incur no liability or interfere in any negotiation or legal procedure, and that the policy shall be void if he should conceal or misrepresent any material fact concerning the insurance, or attempt to defraud the company.

The bill further alleges that in September, 1930, when he was driving the car, in company with his wife, daughter, and another relative, it collided with another car, and an accident ensued. There is an averment that appellee, in violation of the policy, failed to give the company the written notice or the information as required by the policy.

In addition, the bill sets forth grounds supposed to justify equitable relief. The first is the company will be required to defend a suit brought against appellee by his wife and other suits threatened by his daughter and the other relative, whereby the company is confronted with a multiplicity of suits; that the appellee has admitted his fault as the cause of the accident, and has hindered the defense of the suit brought, and has concealed from and misrepresented to the company material facts concerning the accident. The premium paid on the policy was tendered back, with interest.

As a second ground, it is alleged that, with intent to cheat and defraud the company, appellee has given out a false account of his negligence as the cause of the accident, furnished his wife false evidence concerning it, acknowledged to his daughter and others his responsibility for the accident, has suffered his wife to obtain a judgment against him, and, likewise, with the same purpose, he is assisting his daughter to obtain a recovery.

The third ground is that the appellee has conspired with his wife, daughter, and others to cheat and defraud the company by a plan whereby his wife should commence said suit and he would falsely assume liability for her damages and he would interfere with the defense to the suit, and thereby force the company to pay a judgment in her favor.

The appellant is not entitled to maintain this suit, if it has otherwise an adequate remedy at law. It has that remedy, if it may avail itself by a defense of the grounds of complaint set out in the bill. No fraud is alleged in obtaining the policy. And there is no averment that the suit was necessary because of a stipulation limiting the period in which the policy might be contested. No facts are alleged which cannot be pleaded in defense of a suit on the policy. We are therefore of the opinion that the appellant has an adequate remedy at law for its alleged grievances. Phœnix Mut. L. Insurance Company v. Bailey, 13 Wall. (80 U. S.) 616, 20 L. Ed. 501; Aetna Life Insurance Company v. Kennedy (C. C. A.) 31 F.(2d) 971; Peake v. Lincoln Nat. Life Ins. Company (C. C. A.) 15 F.(2d) 303; Jefferson Standard Life Ins. Company v. Keeton (C. C. A.) 292 F. 53; Hurt v. New York Life Ins. Co. (C. C. A.) 51 F.(2d) 936.

The bill plainly shows no multiplicity of suits is threatened, because a defense in any suit brought by the appellee appears from the averments that he failed to give the company the required notice and information concerning the accident, and from his alleged acts of misrepresentation, fraud, and concealment of facts. Those defenses, if sustained in any suit on the policy, would result in an adjudication favorable to the company, and would be a bar to further litigation on the merits affecting the policy. And while one suit would not avoid the necessity of pleading res judicata in the others which might be brought by the appellee against the company, they cannot be regarded as constituting a multiplicity of suits, as contemplated in equity procedure.

The District Court did not err in dismissing the appellant's bill. The decree of that court is therefore affirmed.