## GLENN et al. v. McCARTY et al.
### No. 4353–A.

Court of Civil Appeals of Texas, Amarillo.
Sept. 24, 1934.

**166**

Bean, Duggan & Bean, of Lubbock, and Jno. B. Daniel, of Temple, for appellants.

Vickers, Campbell & Evans, of Lubbock, for appellees.

JACKSON, Justice.

The appellees on June 27, 1934, applied for and obtained an order from the district court of Bailey county, Tex., restraining the appellants, H. C. Glenn, receiver, for the Temple Trust Company, Robert H. Bean and John B. Daniels, agents and attorneys, from further prosecuting in the district court of Bell county cause No. 21062, styled H. C. Glenn, Receiver, v. A. V. McCarty, Jr., et al., and from taking possession of lot 6 in block 12 in the town of Muleshoe, Tex., and appropriating the rents and revenues therefrom so long as cause No. 699, styled A. V. McCarty, Jr., et al. v. The Temple Trust Company, is pending in and undisposed of by the district court of Bailey county.

On April 19, 1934, said cause No. 699 was instituted by A. V. McCarty, Jr., through his legally appointed guardian, in the district court of Bailey county, Tex., to cancel certain notes and liens against lot 6 and the improvements situated thereon.

H. C. Glenn, as receiver of the Temple Trust Company, filed a plea of privilege in said suit No. 699, which, on a hearing, was on May 1st thereafter overruled and an appeal prosecuted and filed in this court, numbered 4353. The questions involved in cause No. 699 are disclosed in the opinion of this court in 75 S.W. (2d) 162, and reference to said opinion is here made.

On June 20, 1934, after the district court of Bailey county had passed on the plea of privilege, H. C. Glenn, as receiver for the Temple Trust Company, filed cause No. 21062 in the district court of Bell county, seeking to recover on the note and foreclose the liens on said lot 6. The notes and property, for the cancellation of which said No. 699 was instituted in the district court of Bailey county, are identical with the notes and liens sought to be foreclosed in Bell county in cause No. 21062, in which Robert Bean was appointed receiver, and as such he is threatening to take possession of lot 6 and collect the rents and revenues therefrom. Appellees allege that, unless restrained, the appellants, by virtue of the suit instituted in Bell county, will thwart the jurisdiction of the district court of Bailey county, take possession of their said property, and appropriate the rents and revenues therefrom, by which they will be materially damaged. The subject-matter involved in the two suits is identical. The district court of Bailey county first acquired jurisdiction.

■ "It is a familiar principle and one essential to the due and orderly administration of justice that the court which first obtains jurisdiction over the subject-matter of the controversy, should not be hindered in adjudication of the rights involved by suits as to the same matter subsequently commenced in a court of concurrent jurisdiction." 11 Tex. Jur. 775, § 52; Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063.

"A court which is prior in jurisdiction may enjoin the bringing or prosecution of interfering suits in other courts, whenever it appears that conflicts of jurisdiction may arise. This is so even though the second suit is not identical and is not abatable as one for the same purpose between the same parties." 24 Tex. Jur. 112, § 78.

"We conclude that the injunction was rightfully granted. Appellee first filed his suit in Hidalgo county to cancel the contract by which he had purchased the land involved and assumed the debt upon which the bank subsequently sued him in Dallas county. If appellee is successful in his suit, he will be relieved of liability upon the very obligation now sought to be enforced against him in the Dallas court. By this process appellee's liability has become the subject-matter of both suits, although it must be adjudicated in the Hidalgo county suit, and as a practical matter, at least, cannot be adjudicated in the Dallas county suit. The Hidalgo county suit was commenced first, and the court there, having first obtained jurisdiction over the sub-

ject-matter, should not be hindered in the adjudication by suits thereover subsequently commenced in other jurisdictions." Dallas Joint Stock Land Bank of Dallas v. Glenn (Tex. Civ. App.) 25 S.W.(2d) 164, 165.

The judgment is affirmed.