· COKER et al. v. LOGAN et ux.

No. 4688.

Court· of Civil Appeals of Texas. Amarillo.

Jan. 18, 1937.

Rehearing Denied Feb. 15, 1937.

Bean & Bean, of Lubbock, and Jno. B. Daniel, of Temple, for appellants.

Vickers & Campbell, of Lubbock, for appellees.

JACKSON, Justice.

On January 8, 1935 the appellees, W. L. Logan and wife, Pearl Logan, filed their application in the district court of Lubbock county to obtain an order restraining the appellants, Temple Trust Company, a corporation, its receiver H. C. Glenn, John B. Daniel, and Joseph N. Coker, from prosecuting cause No. 21377, instituted by Joseph N. Coker in the District Court of Bell County, Tex., on December 24, 1934, against the appellees, and praying that on a final hearing the appellants be permanently and perpetually restrained from prosecuting said cause.

They alleged that said cause was instituted by the said Coker to recover a judgment against them for the sum of $1,100, with interest and attorney's fees, evidenced by a note dated June 9, 1925, payable to the Temple Trust Company at its office in Temple, Tex., on July 1, 1935, and to foreclose a deed of trust lien given by them to secure the payment thereof on lot 10, block 52 of the Overton addition to the city of Lubbock, in Lubbock county, Tex. They attached to and made a part of their application for injunction a certified copy of the petition filed by said Coker in Bell county.

Appellees alleged that on June 27, 1934, they sued the Trust Company and H. C. Glenn, as its receiver, in the district court of Lubbock county in cause No. 6105, to cancel the same note and lien, and on September 14th thereafter obtained judgment decreeing the satisfaction of the indebtedness and the cancellation of the lien because the note evidencing the $1,100 debt sued for in cause No. 21377 constituted a part of a usurious loan made to them by the Temple Trust Company; that such judgment was duly entered at the term of the district court of Lubbock county adjourning October 27, 1934; notice of appeal was given and the Temple Trust Company and its receiver prosecuted an appeal to the Court of Civil Appeals at Amarillo, and the judgment was affirmed.

With one exception the appellees alleged the same facts relative to usury that they pleaded in cause No. 6105, and for a statement of the pleadings and the facts pertaining to usury disclosed in this record, we refer to the opinion in the case of Temple Trust Co. et al. v. Logan et ux. (Tex.Civ. App.) 82 S.W.(2d) 1017, 1018. The exception mentioned is that appellees, on sufficient allegations, sought in the instant suit a judgment for the sum of $505.50, claiming to have paid said sum in excess of the amount necessary to satisfy their indebtedness.

They also pleaded res judicata and estoppel by judgment against Joseph N. Coker and his coappellants, and prayed for a judgment against all of them canceling the note and lien.

The merits of the controversy on appellees' rights to cancel the note and lien and to recover the $505.50 is not before us for consideration unless the district court of Lubbock county was authorized to enjoin Joseph N. Coker from prosecuting cause No. 21377 which he had filed against appellees on the note and lien in Bell county, and since, if it be determined that the district court of Lubbock county was without authority to issue said injunction, it will dispose of this appeal, this branch of the case we will first consider.

The appellees, in addition to the above matters, based their claim to equitable relief by injunction on allegations to the effect that cause No. 21377 instituted by Joseph N. Coker against them in the district court of Bell county was fraudulently filed to thwart and circumvent the jurisdiction of the district court of Lubbock county, and to deprive appellees of the relief against the usurious loan contract obtained by them in said judgment; that John B. Daniel, the attorney for the Temple Trust Company and its receiver in cause No. 6105, is the attorney for Joseph N. Coker in cause No. 21377; that Joseph N. Coker and his coappellants in this suit knew of his claim to the note and lien at the time they were canceled by the decree in cause No. 6105, all of which they purposely concealed from appellees; that appellant Coker was not an innocent holder because he purchased pendente lite, and the note was a part of a usurious transaction; that John B. Daniel in contesting cause No. 6105 was the agent and representative of Joseph N. Coker, who together with his coappellants, entered into

a conspiracy to the effect that if judgment was against the Temple Trust Company and receiver in cause No. 6105, that Coker would file suit in the district court of Bell county to collect the same debt, evidenced by the same note, and foreclose· the same lien involved in said cause. They also alleged that if injunctive relief was not granted they would be compelled to go to Bell county, a distance of approximately five hundred miles, to present their defense to cause No. 21377 instituted against them by Coker, and the expense thereof would constitute irreparable injury.

On January 8, 1935, the day application was filed, the district court of Lubbock county entered a restraining order as prayed for in appellees' petition.

The appellants, on September 2, 1935, demurred to the petition and moved the court to dissolve the restraining order theretofore granted for the reason that said court was without authority to issue such order to make the same permanent. The demurrer and motion were not acted upon, and on November 19, 1935, appellants filed an amended answer in which, among other things, they elaborated their plea to the jurisdiction of the court, alleging in substance that cause No. 21377 was still pending in the district court of Bell county, was instituted prior to the filing of this suit, involved the same subject-matter and the same necessary and proper parties, and the Bell county district court acquired jurisdiction to hear and dispose of the case to the exclusion of the jurisdiction of the district court of Lubbock county.

It will be noted that the facts and circumstances on which the jurisdiction of the Lubbock county court is attacked are contained in appellees' petition.

In cause No. 6105 the defendants, Temple Trust Company and its receiver, filed no cross-action seeking to recover on the note or foreclose the lien, and in the instant case none of the appellants are seeking, in the district court of Lubbock county, a judgment against appellees on the note or a foreclosure of the lien.

Appellants' plea to the jurisdiction was overruled, the matter was submitted to the court without the intervention of a jury, and judgment rendered permanently and perpetually enjoining Joseph N. Coker and the other appellants from prosecuting cause No. 21377 in the district court of Bell county, and canceling the note and lien and decreeing appellees a recovery against H. C.

Glenn, the receiver, as such, in the sum of $505.50.

The record discloses, in conformity to appellees' pleading, that cause No. 21377 was filed in the district court on December 28, 1934, which was prior to the application for injunction made by appellees in the district court of Lubbock county on January 8, 1935. There is no showing that appellees filed any plea in abatement or presented any other defense to cause No. 21377 filed in Bell county. This case was filed by Coker against Logan and wife, and is an action to recover on the same note and foreclose the same lien that were canceled in cause No. 6105. Neither the Temple Trust Company nor its receiver nor John B. Daniel is a party to the cause instituted in Bell county; nor was John B. Daniel or Joseph N. Coker a party to cause No. 6105 in Lubbock county.

The note involved in all these suits was dated January 9, 1925, was for the sum of $1,100, executed by appellees, and payable to the Temple Trust Company at its office in Temple, Tex., on July 1, 1935, and bearing interest at the rate of 7 per cent. per annum. The note was indorsed: "Pay to the order of J. N. Coker. Temple Trust Company by H. C. Glenn, President. Attest: ·W. G. Roland, Secretary-Treasurer."

This indorsement was placed on the note prior to the time H. C. Glenn was appointed receiver for the Temple Trust Company on March 11, 1933, and hence was not acquired pendente ·lite.

John B. Daniel and Robert Bean represented the Temple Trust Company and its receiver in cause No. 6105. John B. Daniel filed cause No. 21377 for Mr. Coker ·in the district court of Bell county, and said attorneys are representing him in the instant suit. There was no transfer of the note and lien to Mr. Coker on record in Lubbock county. The Temple Trust Company and its receiver, in their answer in cause No. 6105, alleged that the note sought to be canceled had been transferred, and that neither such company nor its receiver was the owner or holder thereof, but the name of the transferee was not given, and after their said answer was filed no effort was made by the appellees to determine who in fact did own the note.

It· is not claimed Mr. Coker was in privity with his coappellants, and the testimony is insufficient to authorize a finding that he was in conspiracy with them, and fails to show that appellees· would ·suffer irrepara-

ble injury if required to defend the suit in the district court of Bell county, nor is it sufficient to show that John B. Daniel, the Trust Company, or its receiver were acting for or representing Mr. Coker in cause No. 6105. He was not a party thereto by representation or otherwise, and, so far as disclosed by this record, was without notice, actual or constructive, of said suit or the disposition thereof by the courts.

In Temple Trust Co. et al. v. Logan et ux., supra, the court said:

"The issues here are succinctly stated by appellants in their brief, which we copy:

"'The appellants can not contend that the loan contract was not usurious. The only contentions presented by these appellants in this Court are:'"

And, after quoting such issues, the court continues: "The case is disposed of on these alone, and no other question is considered or impliedly decided."

Relative to the "unknown owner" of the note in that suit, who in this case appears to be Joseph N. Coker, the court stated: "[His] rights, if any, may be decided when and if they are ever asserted and presented for decision."

In 26 Tex. Jur. p. 109, par. 406, it is said:

"In order for a judgment in one suit to bar the bringing of a subsequent one there must be: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; and (4) identity of the quality in the persons or parties."

"A judgment in favor of or against a party to one suit cannot, as a general rule, be res judicata in any respect in a subsequent suit arising with one who was a total stranger to the first proceedings, even though the two suits arise out of the same transaction." 26 Tex. Jur. p. 18, par. 355.

"In contrast to the four-fold identities demanded as a prerequisite to operation of a judgment as a bar, the identities required for its operation as estoppel are only three —identity of parties, of equality in the parties, and of issues." 26 Tex. Jur. p. 181, par. 438.

It is clear that Joseph N. Coker was not a party to cause No. 6105, and it is fundamental that unless a party is before the court by appropriate process of notice, or voluntarily submits to the jurisdiction, the court is powerless to bind him by any judicial determination since the law guarantees every person his day in court and an opportunity to be heard and present his defense. Freeman on Judgments, vol. 1, p. 683, par. 339.

Under this record and these authorities, does the judgment obtained by appellees in cause No. 6105 in Lubbock county against the Temple Trust Company and its receiver authorize the district court of said county to enjoin Joseph N. Coker from prosecuting a suit for the collection of the note and foreclosure of the lien in the district court of Bell county, which acquired jurisdiction of the subject-matter of this controversy and the proper and necessary parties thereto before the appellees made application to and secured the issuance of the injunction involved herein by the district court of Lubbock county?

Associate Justice Sharp, in McCurdy v. Gage, 123 Tex. 558, 69 S.W.(2d) 56, 59, says: "The rule is well settled that, where two actions involving the same subject-matter are brought in different courts having co-ordinate jurisdiction, the court which first acquires jurisdiction, its power being adequate to administer full justice to the rights of all concerned, should retain such jurisdiction, undisturbed by the interference of any other court, and dispose of the whole controversy. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063 [1065] 1071; Texas Trunk Ry. Co. v. Lewis, 81 Tex. [1] 8, 16 S.W. 647, 648, 26 Am.St. Rep. 776; Way v. Coca Cola Bottling Co., 119 Tex. 419, 29 S.W.(2d) 1067." See, also, Glenn v. McCarty et al. (Tex.Civ. App.) 75 S.W.(2d) 165, and authorities cited.

The appellees herein filed no plea in abatement or defense to the suit against them in the district court of Bell county, and failed to show that such plea or defense, if presented, would have been inadequate. This was essential to obtaining injunctive relief against Joseph N. Coker in Lubbock county.

In Powers v. Temple Trust Co., 124 Tex. 440, 78 S.W.(2d) 951, 952, it is said: "In view of the absence both of allegations and of evidence that plaintiff in error resorted or attempted to resort to his remedy at law, the filing of a plea in abatement in the second suit on account of the pendency of the first suit, and the absence of any showing that such remedy would in

the peculiar circumstances of the case be inadequate, the Court of Civil Appeals [50 S.W.(2d) 362] did not err in dissolving the injunction. It should have been dissolved by the trial court. This conclusion is simply the application of the well-settled rule that: 'Matters that will constitute a defense of which complainant may avail himself in a suit pending or threatened against him cannot be made the ground of an injunction to restrain proceedings in such suit, unless he is prepared to allege and prove special circumstances showing that he may suffer irreparable injury if he is denied the preventive remedy.' 32 C.J. pp. 99, 100. See, also, New Amsterdam Casualty Co. v. Harrington (Tex.Civ. App.) 297 S.W. 307."

The judgment of the trial court is in all things reversed and the injunction dissolved.