## NEW ENGLAND MUT. LIFE INS. CO. v. WEYENBERG.

### Civ. No. 145.

District Court, E. D. Wisconsin.
Sept. 29, 1939.

Miller, Mack & Fairchild, Leon F. Foley and Vernon A. Swanson, all of Milwaukee, Wis., for plaintiff.

Hersh & Morse and Herbert Morse, all of Milwaukee, Wis., for defendant.

DUFFY, District Judge.

This is an action in equity wherein the plaintiff seeks cancellation of a life insurance policy issued by it to Emanuel Z. Weyenberg on August 4, 1937, and for a declaratory judgment that the plaintiff is under no liability to the defendant by reason of said policy of insurance. In said policy Mollie Weyenberg, the defendant, was named as beneficiary. Insured died on June 1, 1939, by hanging. This matter comes before the court on a motion by the defendant to dismiss the first and second causes of action and is, in effect, a demurrer to the entire complaint.

The policy contained the following provision: "If the insured, whether sane or insane, shall die by his or her own hand or act within two years from the date hereof, this policy shall be void and shall have no value; but in such event the company will return any premiums paid."

The policy also provided: "This policy shall be incontestable after it has been in force for a period of two years from its date of issue, except for failure to pay premiums. * * *"

No action had been commenced by the beneficiary to recover on the policy prior to August 2, 1939, and on that date the plaintiff commenced this action. In the first cause of action the plaintiff asked that the policy be declared void because the insured died of his own act, and in the second cause of action asked that the policy be cancelled on the ground that the insured

made false representations in making application for the policy.

The plaintiff admits that there are many cases holding that an incontestable clause, similar to that in this policy, does not prevent the insurer from interposing the defense of suicide after the incontestable period has expired; but plaintiff points out that several cases have held to the contrary, and makes particular reference to Northwestern Mutual Life Insurance Company v. Johnson, 254 U.S. 96, 102, 41 S.Ct. 47, 65 L.Ed. 155.

In the case of Equitable Life Assurance Society of United States v. Deem, 4 Cir., 91 F.2d 569, 572, the court said: "For illustration, where the policy clearly excluded liability for death by suicide, some decisions held that the insurer was nevertheless liable by reason of the incontestable clause. But now, by the federal decisions without any noted exception, and in many State courts, the clause does not bar a contest over claims for loss not within the coverage of the policy."

In a note appended to the decision, the court said: "Northwestern Mut. Life Insurance Company v. Johnson, 254 U.S. 96, 41 S.Ct. 47, 65 L.Ed. 155, is not to the contrary, because the liability for death by suicide at the time it occurred, was not expressly excluded by the policy and the Company's defense based on suicide was therefore an effort to defeat the operation of the incontestable clause on the ground of a condition (based on public policy), broken."

It is our opinion that the rule is now well established that under 'the language as used in this policy, suicide within a period designated in the policy is a condition subsequent, which renders the policy void. It is part of the contract upon which the beneficiary must sue in an action in law. The incontestable clause does not bar the defense of suicide within two years from the date when the policy was issued. It is, of course, fundamental that where an insurance company has an adequate remedy at law which it can plead in defense to an action brought by the assured or beneficiary, an action in equity will not lie to cancel the policy. Therefore the motion of the defendant to dismiss the first cause of action should be granted.

As to the second cause of action, the plaintiff contends that the case of American Life Insurance Company v. Stewart, 300 U.S. 203, 57 S.Ct. 377, 378, 81 L.Ed. 605, 111 A.L.R. 1268, is directly in point and is controlling. The incontestability clause under consideration in that case reads as follows: " * * * shall be incontestable, except for nonpayment of the premium, after one year from its date of issue if the Insured be then living, otherwise after two years from its date of issue."

The court refers to the case of Mutual Life Insurance Company of New York v. Hurni Packing Company, 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235, 31 A.L.R. 102, and held that the policy with the clause as last above quoted would be incontestable after two years from the date when the policy was issued, notwithstanding that the insured had died prior to the expiration of the two years. The court pointed out that any other result would leave the insurance company powerless to maintain its defenses. The Supreme Court in that case emphatically states (263 U.S. page 177, 44 S.Ct. page 92, 68 L.Ed. 235, 31 A.L.R. 102): "The provision plainly is that the policy shall be incontestable upon the simple condition that two years shall have elapsed from its date of issue—not that it shall be incontestable after two years if the insured shall live, but incontestable without qualification and in any event."

The court then comments upon the case of Jefferson Standard Life Ins. Co. v. McIntyre, D.C., 285 F. 570, and Jefferson Standard Life Ins. Co. v. Smith, 157 Ark. 499, 248 S.W. 897, and said: "But the incontestability clause under review in those cases was unlike the one here. There the clause was: 'After this policy shall have been in force for one full year from the date hereof it shall be incontestable,' etc. The decisions seem to have turned upon the use of the words 'in force,' the District Judge in the first case saying: 'Are the policies "in force" as contemplated in the cause, after the death of the assured occurring prior to one year from the date of the policy? It seems to me that the proper construction of this clause is that it contemplates the continuance in life of the assured during that year; else why except the nonpayment of premiums?' "

However, the Supreme Court then expressly reserves decision on the point in question by saying, "We express neither agreement nor disagreement with the construction put by these decisions upon the provision therein considered; * * *."

It is worthy of note that the Hurni case, 263 U.S. 167, 44 S.Ct. 90, 68 L.Ed. 235, 31

A.L.R. 102, was decided on November 12, 1923. The Jefferson Standard Life Insurance Company v. McIntyre case had been decided by the District Court on December 21, 1922, and was on appeal at the time that the Hurni case decision came down. However, the following month the Circuit Court of Appeals for the Fifth Circuit reversed the decision of the District Court in the Jefferson Standard Life Insurance Company v. McIntyre case, said decision appearing in 294 F. 886. Thus, the principal case which the Supreme Court commented upon was actually reversed shortly after the date of the decision in the Hurni case. The Court of Appeals held that the Hurni case was applicable and that the contested policies did not cease to be in force upon the death of the insured. The court said (page 888): "The contracts remained in force, upon the death of the insured immediately inuring to the benefit of the beneficiaries."

Inasmuch as there is no substantial authority by the decision of the federal courts for making a distinction as was attempted by the District Court in the McIntyre case, let us consider whether there is any sound reason for the distinction that was there attempted. In the case of American Life Insurance Company v. Stewart, the provision in the policy was: " * * * shall be incontestable, except for nonpayment of the premium, after one year from its date of issue if the Insured be then living, otherwise after two years from its date of issue."

The provision of the policy in the present case is: "This policy shall be incontestable after it has been in force for a period of two years from its date of issue, except for failure to pay premiums, * * *."

What substantial difference is there between these two provisions? The only difference is that the policy in the present case contains the words "after it has been in force"; but as was stated in the Stewart case, the contracts did remain in force after the death of the insured, because the rights of the beneficiaries then came into existence and the beneficiaries of course could sue upon the contract.

It thus appears that the plaintiff did not have any adequate remedy at law, as far as the second cause of action is concerned; and where equity can give relief, plaintiff ought not to be compelled to speculate upon the chance of obtaining relief. Davis v. Wakelee, 156 U.S. 680, 688, 15 S.

Ct. 555, 39 L.Ed. 578; American Life Insurance Co. v. Stewart, 300 U.S. 203, 214, 57 S.Ct. 377, 81 L.Ed. 605, 111 A.L.R. 1268. Nor can it make any difference that the beneficiary has, after the expiration of the two year period, started an action upon the policy. It is well settled that if equitable jurisdiction existed at the time of the commencement of the action, it is not destroyed because an adequate legal remedy may have become available later. Dawson v. Kentucky Distilleries & Warehouse Co., 255 U.S. 288, 296, 41 S.Ct. 272, 65 L.Ed. 638. However, as heretofore indicated, it is our opinion that the plaintiff would be barred in the suit at law from now setting up its second cause of action as a defense.

Motion to dismiss the second cause of action must, therefore, be denied.