EQUITABLE LIFE INSURANCE COMPANY of Iowa, Appellant, v.
EDNA M. MANN, Executrix, Appellee.

No. 45452.

946

DECEMBER 31, 1940.

REHEARING DENIED APRIL 11, 1941.

Phineas M. Henry and Tinley, Mitchell, Ross, Everest & Geiser, for appellant.

Kimball, Peterson, Smith & Peterson, for appellee.

STIGER, J.—The case was decided upon the pleadings. The petition contained the following allegations:

Plaintiff issued a policy of life insurance to Ida E. Michener, defendant's decedent, on November 15, 1938. The policy contained the following incontestable clause:

"This policy shall be incontestable after it has been in force for a period of two years from its date of issue, except for non-payment of premiums."

In the application for the policy the applicant made certain material misrepresentations. The policy was issued in reliance

on the truth of the statements and if plaintiff had known said statements were untrue it would have refused to issue the policy. Subsequent to the death of the insured on September 26, 1939, plaintiff learned of the misrepresentations for the first time and on November 11, 1939, notified defendant that the policy was null and void. No suit at law has been commenced against plaintiff on the policy and plaintiff would not be able to contest the policy because of the misrepresentations after the expiration of the contestable period. The defendant may delay the commencement of the action on the policy until after the expiration of the contestable period and the only protection plaintiff has against the effect of said misrepresentations is in a court of equity. Plaintiff has no adequate remedy at law.

Plaintiff prayed that a decree be entered cancelling the policy and that defendant be restrained from prosecuting any action at law against the plaintiff on account of said policy. By amendment to the petition, plaintiff alleged that subsequent to the filing of the petition in equity and service of notice on the defendant, defendant filed a petition at law in the district court of Polk county against the plaintiff on the policy; that before said law action was commenced in Polk county, ''this Court as a Court of equity had acquired jurisdiction of the defendant in this action and of the subject matter thereof and has power as a court of equity to make a complete determination of all questions material or necessary to the accomplishment of full and complete justice between the parties, and that a determination of the issues involved in this action will determine the right of the defendant to recover upon said policy; that the parties to said actions are identical and the issue involved in each of said actions is the validity of the policy of life insurance referred to in the plaintiff's original petition.''

Defendant filed a motion to the petition as originally filed to dismiss on the ground that the rights of the parties were fixed by the decedent's death, and that the plaintiff had an adequate remedy at law. After the amendment to the petition was filed, defendant amended her motion to dismiss asserting the commencement of the law action in Polk county and stated that defendant in said action (plaintiff herein) may plead and

prove the misrepresentations as a complete defense to the law action.

The motion further stated that plaintiff's cause of action is not cognizable in equity because the petition was not filed until after the death of the insured; that a suit in equity will not lie for the surrender and cancellation of the policy involved in this action because plaintiff has a plain, adequate, and speedy remedy by interposing in the law action the defense of misrepresentations inducing the issuance of the policy and the court was without jurisdiction to restrain the action at law.

█ I. The policy was issued November 15, 1938. The insured died on September 26, 1939. Plaintiff commenced this suit to cancel the policy on November 21, 1939. An action at law was commenced on the policy in Polk county on February 23, 1940.

The incontestability clause in the policy reads:

"This policy shall be incontestable after it has been in force for a period of two years from its date of issue, except for non-payment of premiums."

The plain meaning of this clause is that the policy shall be incontestable after two years from its date. And this is true though the insured died within the two-year period. Mutual Life Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102; State Mut. Life Assur. Co. v. Stapp, 72 F. 2d 142; New York Life Ins. Co. v. Steinman, 103 N. J. Eq. 403, 143 A. 529.

█ Plaintiff's remedy at law was not adequate and certain for it did not have a remedy at law until defendant elected to bring a suit on the policy, and if the commencement of an action were delayed by defendant until the expiration of the contestable period, plaintiff would be deprived of its defense that the policy was obtained by misrepresentations. An insurer need not rely on the dubious possibility that a beneficiary will commence an action at law on the policy during the contestable period and give it an opportunity to interpose its defense of fraud in the procurement of the policy in the law action.

It is well settled that where there is a provision in the

policy limiting the time in which the insurer may contest its validity an insurer may, prior to the commencement of an action on the policy, sue in equity within the limited period for the cancellation of the policy on the ground of fraud in its procurement and a subsequent suit at law on the policy in which the insurer could interpose the defense of fraud does not destroy the equitable jurisdiction existing when the suit in equity was commenced.

In American Life Ins. Co. v. Stewart, 300 U. S. 203, 212, 57 S. Ct. 377, 379, 61 L. Ed. 605, 609, the policies were, as in this case, incontestable after two years from their date of issue. The insurer, prior to the commencement of an action on the policy, brought a suit to cancel them on the ground of fraud in their procurement. The opinion states:

"If the policy is to become incontestable soon after the death of the insured, the insurer becomes helpless if he must wait for a move by some one else, who may prefer to remain motionless till the time for contest has gone by. * * * Accordingly an insurer, who might otherwise be condemned to loss through the mere inaction of an adversary, may assume the offensive by going into equity and there praying cancellation. * * * 'Where equity can give relief plaintiff ought not to be compelled to speculate upon the chance of his obtaining relief at law.' Davis v. Wakelee, 156 U. S. 680, 688 [15 S. Ct. 555, 39 L. Ed. 578, 584]. To this must be added the danger that witnesses may disappear and evidence be lost. A remedy at law does not exclude one in equity unless it is equally prompt and certain and in other ways efficient. * * * Here the insurer had no remedy at law at all except at the pleasure of an adversary. There was neither equality in efficiency nor equality in certainty nor equality in promptness. 'The remedy at law cannot be adequate if its adequacy depends upon the will of the opposing party.' * * * The argument is made that the suits in equity should have been dismissed when it appeared upon the trial that after the filing of the bills, and in October, 1932, the beneficiaries of the policies had sued on them at law. But the settled rule is that equitable jurisdiction existing at the filing of a bill is not destroyed because an adequate legal remedy may have become available thereafter."

"That equity has jurisdiction to cancel the policy, where, unless such action is taken, the company will be deprived of its legal defense, is well settled." New York Life Ins. Co. v. Rigas, 117 Conn. 437, 444, 168 A. 22, 24, 91 A. L. R. 1122.

See also the following cases wherein similar incontestable clauses were involved: Jefferson Standard v. Keeton, 292 F. 53; Mutual Life Ins. Co. v. Bamford, 132 Pa. Sup. Ct. 255, 200 A. 907; New York Life Ins. Co. v. Cobb, 219 Mo. App. 609, 282 S. W. 494; New York Life Ins. Co. v. Steinman, 103 N. J. Eq. 403, 143 A. 529; Jefferson Standard v. McIntyre, 294 F. 886; Aetna Life Ins. Co. v. Daniel, 328 Mo. 876, 42 S. W. 2d 584, which distinguishes Aetna Life Insurance Company v. Daniel (Mo. App.), 33 S. W. 2d 424; State Mut. Life Assur. Co. v. Stapp, 72 F. 2d 142; Cohen v. Metropolitan Life Ins. Co., 112 Pa. Sup. Ct. 314, 171 A. 106; New England Mutual v. Weyenberg, 29 F. Supp. 177.

Defendant's basic proposition that the policy was contestable any time after the death of the insured which occurred before the expiration of the two years from the date of the policy and plaintiff had an adequate remedy at law in that the representations could be established in a defense to an action on the policy rests on the erroneous assumption that there is no distinction between the two incontestability clauses that are often used in life insurance policies, which are: (1) "This policy shall be incontestable after it has been in force for a period of two years from its date of issue," and (2) "This policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue."

There is an essential difference between the clauses as to the legal effect of the death of the insured during the two-year period. As stated, in policies that contain a clause of the first type, the death of the insured within two years from the date of the policy does not stop the running of the contestability period. But, if the second kind of clause is used, the death of the insured before the policy has been in force two years from the date of issue would make it contestable any time after his death.

We will refer to some of the cases cited by the defendant to sustain the decree.

Bankers Life Co. v. Bennett, 220 Iowa 922, 263 N. W. 44, was a suit in equity to cancel an insurance policy on the ground

it was procured by fraud. The incontestability clause was of the second type, reading: "This policy shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from its date of issue," etc. The case holds that as the insured died before the policy was in force two years, the policy was contestable after his death and plaintiff had an adequate remedy at law and the suit was not properly brought in equity. However, Justice Albert, speaking for the court, said on page 926 of 220 Iowa, page 46 of 263 N. W.:

"On the general proposition involved herein, the modern line of authority holds that equity will not entertain jurisdiction to cancel a policy after the death of the insured, except when there are special equitable grounds alleged." (Here follows a long list of authorities which will be referred to later in the opinion.)

In the suit at bar plaintiff has alleged special equitable grounds for the exercise of jurisdiction by a court of equity.

In Biermann v. Guaranty Ins. Co., 142 Iowa 341, 120 N. W. 963, an action at law had been commenced on the policy and a resort to equity by the insurer was unnecessary.

Defendant has cited all of the cases referred to in Bankers Life Co. v. Bennett, supra. Some of the cases are favorable to appellant. See Ebner v. Western Reserve Life Ins. Co., 69 Ind. App. 734, 121 N. E. 323; New York Life v. McCarthy, 22 F. 2d 241; Travelers Ins. Co. v. Snydecker, 127 Misc. 66, 215 N. Y. S. 276. In other cases the incontestability clauses were the same as in Bankers Life Co. v. Bennett, supra. See Aetna Life Ins. Co. v. Kennedy, 31 F. 2d 971; Cotton States Life Ins. Co. v. Cunningham, 141 Miss. 474, 106 So. 766. In Continental Casualty Co. v. Yerxa, 16 F. 2d 473, and Mueller v. John Hancock Mut. Life Ins. Co., (Mo. App.), 261 S. W. 709, incontestability clauses were not involved.

Defendant cites Enelow v. New York Life Ins. Co., 293 U. S. 379, 55 S. Ct. 310, 79 L. Ed. 440, and Pacific Mut. Life Ins. Co. v. Andrews, 77 F. 2d 692. But in these cases an action at law on the policy was pending when the suit to cancel the policy was commenced. The only cases cited by defendant that hold if an insured dies before the policy becomes incontestable,

a suit in equity cannot be maintained because the insurer has a plain, speedy, adequate remedy at law, are Northwestern Mut. Ins. Co. v. Laury, 174 Minn. 498, 219 N. W. 759, and Mutual Life Ins. Co. v. Stevens, 157 Minn. 253, 195 N. W. 913. In the Laury case, supra, the court states, at page 499 of 174 Minn., page 759 of 219 N. W.:

"We adopted that rule notwithstanding courts of high standing held to the contrary."

II. Defendant's contention that the policy provides for incontestability after it has been in force for two years from the date of issue and that a policy cannot be *in force* after the death of the insured who died during the two-year period cannot be sustained.

In Cohen v. Metropolitan Life Ins. Co., 112 Pa. Sup. Ct. 314, 316, 171 A. 106, the incontestable clause reads:

" 'This policy shall be incontestable after it has been in force for a period of two years from its date of issue, * * *' " etc.

The opinion states, at page 320 of 112 Pa. Sup. Ct., page 108 of 171 A.:

"We do not agree with this construction of the clause. A contract is 'in force' until it is cancelled or until there has been complete performance. This is the common understanding of the term. The policy of insurance is nothing but a contract to pay money to the beneficiaries named therein, upon the death of the insured. It is therefore 'in force' until payment has been made. The death of the insured is the condition which matures the obligation, but it does not terminate the contract."

The court held the policy became incontestable after two years from its date. Jefferson Standard v. McIntyre, 294 F. 886; Mutual Life Ins. Co. v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102.

In Carpentieri v. Metropolitan Ins. Co., (Pa. Sup. Ct.) 10 A. 2d 37, 39, the clause provided that the policy should be incontestable after being in force during insured's lifetime for one year. The insured died five months after the policy issued. The

court differentiates between the two types of incontestability clauses in the following language:

"The Feierman and Cohen cases were reviewed in Prudential Ins. Co. v. Ptohides, supra, and their effect was thus stated by this court, 122 Pa. Super. at page 472, 186 A. at page 387: 'It has been definitely decided in this state that, *unless otherwise specifically provided,* the death of the insured during the period of contestability does not affect either the running of that period or the obligation of the insurance company to act within the time specified, if it desires to contest its liability under the policy.' (Italics supplied.)

"The purpose and effect of such clauses were fully discussed in the cases above cited but none of them rules the case now at bar because it is *specifically provided* in the present policy that it 'shall be incontestable after it has been in force, during the lifetime of the insured, for a period of one year from its date of issue.' It was expressly stated both in the Feierman and Cohen cases that the presence of such a provision in the clause would raise a 'different question.' In the Feierman case our Supreme Court said, 279 Pa. at page 509, 124 A. at page 171: 'Had the policy read two years from the date thereof, "provided the insured does not die within the two years," a different question would be presented.' * * *

"There does not seem to be any ambiguity in the clause relied upon by appellant. The provision, 'during the lifetime of the insured,' clearly modifies and qualifies the phrases 'in force' and 'for a period of one year.' We think the company agreed by this clause of its policy that it would not contest its liability, upon any ground other than non-payment of premiums or misstatement of age, after a period of one year had elapsed from its date of issue, provided the insured did not die within that year."

 III. The right of plaintiff to resort to equity for the cancellation of the policy was not lost because defendant subsequently commenced an action at law in the Polk county district court. The rule is stated in Federal Reserve Bank v. Geannoulis, 203 Iowa 1385, 1387, 214 N. W. 576, 578, as follows:

"Equitable jurisdiction is tested by the situation as it existed when the suit was begun, and matters subsequently occurring cannot oust it." See American Life Ins. Co. v. Stewart, 300 U. S. 203, 57 S. Ct. 377; Jefferson Standard v. Keeton, 292 F. 53.

In New England Mutual v. Weyenberg, 29 F. Supp. 177, the opinion states, at page 179:

"It is well settled that if equitable jurisdiction existed at the time of the commencement of the action, it is not destroyed because an adequate legal remedy may have become available later."

As the district court in and for Pottawattamie county had jurisdiction of the suit in equity it should have tried the case on the merits and enjoined defendant from prosecuting the action at law in Polk county pending the determination of the validity of the policy. If plaintiff is successful in the equity suit defendant will not be able to recover in her law action. The two suits involve the same parties and subject matter.

The Pottawattamie district court first acquired jurisdiction and to avoid a conflict of jurisdiction with the Polk county district court, which had co-ordinate jurisdiction, there should be no further proceeding in the law action during the pendency of the suit in equity.

In Prudential Ins. Co. v. Merritt-Chapman & Scott Corp., 112 N. J. Eq. 179, 183, 163 A. 894, 895, the opinion states:

"That this court has power to enjoin one subject to its jurisdiction from the prosecution of an action at law pending the determination of the validity of the instrument upon which such law action is based and alleged to be void for fraud is elementary;" etc. First Methodist Church v. Hull, 225 Iowa 306, 280 N. W. 531; Bank Savings Life Ins. Co. v. Schroll, 141 Kan. 442, 41 P. 2d 731; Duncan v. National Union Fire Ins. Co., Tex. Civ. App., 4 S. W. 2d 278; Glenn v. McCarty, Tex. Civ. App., 75 S. W. 2d 165; Driscoll v. Casstevens, Tex. Civ. App., 110 S. W. 2d 958; Peake v. Lincoln National Ins. Co., 8 Cir., 15 F. 2d 303; Gregory v. Howell & Co., 118 Iowa 26, 91 N. W. 778.

The trial court erred in dismissing the petition and refusing a temporary injunction.—Reversed and remanded.

MILLER, HALE, SAGER, BLISS, OLIVER, and MITCHELL, JJ., concur.