(No. 19815.—

THE CHICAGO NATIONAL LIFE INSURANCE COMPANY, Appellant, *vs.* ELMER CARBAUGH, Appellee.

*Opinion filed December 20, 1929.*

LEE D. MATHIAS, and KARL J. MOHR, for appellant.

HALL & DUSHER, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Winnebago county sustained a demurrer to a bill filed by the Chicago National Life Insurance Company against Elmer Carbaugh to cancel an insurance policy upon the life of Bessie V. Carbaugh, in which Elmer Carbaugh was the beneficiary, for fraud in procuring the policy to be issued. The complainant electing to stand by its bill, it was dismissed for want of equity. The Appellate Court affirmed the judgment and granted a certificate of importance and appeal to this court.

The policy was issued on November 16, 1927, upon a written application to the insurance company made by Bessie V. Carbaugh, the insured. She died on May 16, 1928. The bill contained a copy of the application, and alleged in detail that the answers made by the insured to various questions in the application, which were specifically mentioned and were material to the contract, were false and were known by the insured to be false, and that had the complainant known that such answers were false it would not have issued the policy; that such answers were made falsely and fraudulently, for the express purpose of obtaining the policy; that the complainant believed the answers contained in the application were true and issued the policy relying upon their truth; that the complainant did not know any of the statements contained in the application were false until after the death of the insured, when, upon investigation, it found that such answers were false.

The policy contained the following provision: "This policy is free from restriction as to occupation, residence or travel, and shall be incontestable after it shall have been in force, during the lifetime of the insured, for one year from date of issue, except for non-payment of premiums."

The reason advanced by the appellee to sustain the decree is that equity has no jurisdiction of the bill because the complainant has a plain and adequate defense at law to a

suit upon the policy. It was held in *DesMoines Life Ins. Co.* v. *Seifert*, 210 Ill. 157, that a court of equity has no jurisdiction, in the absence of allegations of special circumstances, to entertain a bill by an insurance company after the death of the insured, against the beneficiary named in its policy of insurance, to cancel a policy which was obtained by the false statements of the insured, for the reason that the company has a plain and adequate defense at law to a suit upon the policy. This clause is required in all the policies of life insurance issued or delivered in this State since January 1, 1908, by an act regulating the conditions and provisions of life insurance policies, passed in 1907 and subsequently amended. (Laws of 1921, sec. 1, par. 3, p. 482.) The provision in question is in the language of that paragraph, except that the time stated is one year instead of two years. So far there is no disagreement between the parties, but they disagree as to the question of what period of time is fixed by this clause within which the policy may be contested for fraud. Counsel for the appellant regard it as of importance to have in mind in determining this question the rule that the language of the insurance policy, when uncertain or ambiguous, is to be construed in favor of the insured and most strongly against the insurer. In reference to the application of this rule we have said: "It is not to be presumed that the legislature, in prescribing the terms of the contract, intended that the language used should be understood in a manner favorable or unfavorable to either party, or that it should receive any other than a fair and reasonable construction to carry out the legislative intent that policies of life insurance should be incontestable after two years from their date, without any qualification except those mentioned in the statute." (*Ramsey* v. *Old Colony Life Ins. Co.* 297 Ill. 592.) This rule of consruction by its terms applies only in cases where the language is uncertain or ambiguous. It is also to be borne in mind

that in the construction of writings, whether contracts or statutes, they are to be interpreted according to their ordinary meaning, where there is no ambiguity in the language. The rule is of no importance in this case for ascertaining the intention of the parties. The question is one of statutory construction, and there is no ambiguity in the language.

Counsel for the appellant say there would be no difficulty with respect to the meaning of this clause if the words "during the lifetime of the insured" were omitted. The clause would then read that the policy "shall be incontestable after it shall have been in force for one year from date of issue." However, the words "during the lifetime of the insured" were not omitted and must be given their ordinary meaning, which is not ambiguous. "During" means "in the time of," or "as long as the existence of." The clause means, "in force in the lifetime of the insured for one year." So with reference to the suggestion of the appellant that neither would there be any difficulty with respect to the meaning of the words "during the lifetime of the insured" if those words were transposed so as to follow the word "issue," making the clause read that the policy "shall be incontestable after it shall have been in force for one year from date of issue, during the lifetime of the insured." There is no difference in meaning whether the words "during the lifetime of the insured" are used immediately after the word "force" or immediately after the word "issue;" whether the policy must be "in force in the lifetime of the insured for one year from date of issue" or "in force for one year from date of issue in the lifetime of the insured." The meaning of the two forms of expression is identical. The object of the provision of the statute is to require the policy to be incontestable after it shall have been in force for two years from its date except for the reasons specified in the statute, and that this period shall also elapse during the lifetime of the insured. The claim

of the appellant is that if the policy is in force for one moment during the lifetime of the insured then it has been in force during the period of his lifetime, and that where a policy of insurance is in force at all during the lifetime of the insured it is incontestable for fraud after the expiration of one year from the date of its issue, provided that it was in force at the time of the death of the insured. Such an interpretation is in violation of the language of the policy. The condition which makes a policy incontestable requires that the policy shall have been in force during the lifetime of the insured for one year "from date of issue." We do not think of any form of words which would make it more apparent that the policy should have been in force for one year after the date of its issue and that that one year should be during the lifetime of the insured. It is argued that this construction makes the period within which the policy could be contested for fraud indefinite; that if, to be incontestable, it had to be in force for one year during the lifetime of the insured after its date of issue it would not become incontestable until one year after it became effective, and this might be long after its date of issue, and if at any time after it became effective it ceased to be effective or lapsed and was later re-instated, the intervening time would have to be added to the period within which it might be contested. No such questions arise in this case. There was no lapse, no re-instatement, no period after the policy became effective when it was not in force, and it was not in force during the lifetime of the insured for one year from the date of its issue.

The decree of the circuit court was right. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*