## JOHN HANCOCK MUT LIFE INS CO v SNYDER

Ohio Appeals, 9th Dist, Lorain Co

No 745.   Decided Nov 15, 1935

G. A. Resek, Lorain, and Wilbur E. Benoy, Columbus, for plaintiff in error.

Glitsch, Stack & Moon, Lorain, for defendant in error.

## OPINION

By STEVENS, J.

The case squarely presents the question as to whether or not fraud of the insured in obtaining a policy, excepting from consideration such fraud as renders the policy void ab initio, may be utilized by the insurer as a basis for a defense, or for affirmative action seeking a cancellation of the policy, after the expiration of the contestable period.

The contestable period herein was two years from the date of issue of the policy. The insured died within that period, and action to recover upon the policy was brought by the beneficiary after the expiration of said period; no action was brought by defendant to cancel said policy within said 2-year period, nor was any defense of fraud interposed by defendant during said period in any litigation concerning said policy.

The policy contained the following with reference to incontestability:

"This policy shall be incontestable after it has been in force for two years from its date of issue, except for nonpayment of premium * * *."

Sec 9420, GC, provides as follows:

"No policy of life insurance in form other than as provided in §§9412 to 9414, GC, both inclusive, shall be issued or delivered in this state or be issued by a life insurance company organized under the laws of this state unless the same shall contain the following provisions:

"* * *

"(3) A provision that the policy and the application therefor, a copy of which must be endorsed thereon, shall constitute the entire contract between the parties and shall be incontestable after two years from its date, except for nonpayment of premiums and except for violations of the conditions of the policy relating to naval and military service in time of war.

"* * *."

It will be observed that the incontestability clause of the policy, and of the statute, supra, do not contain the same wording, the policy containing the words "in force," which words do not appear in the statute.

Cases involving an interpretation of the wording used in the incontestability provision of the instant policy have been before many courts of last resort in the several states of this country, with a contrariety of holdings. See 31 A.L.R. 108, Annotation.

Such situation requires the application by this court of the rule of construction announced by the Supreme Court of Ohio in **Olmsted & Co. v Metropolitan Life Ins. Co., 118 Oh St 421,** wherein the syllabus reads:

"1. Where the language of a clause used in an insurance contract is such that courts of numerous jurisdictions have found it necessary to construe it and in such construction have arrived at conflicting conclusions as to the correct meaning, intent and effect thereof, the question whether such clause is ambiguous ceases to be an open one.

"2. The rule that ambiguous language is to be construed most strongly against the party selecting the language and most favorably toward the party sought to be charged, is especially applicable to contracts executed subsequently to such conflicting judicial constructions."

If the defendant company had used the words " in force for two years during the lifetime of the insured," it would have rendered its policy free from ambiguity. This it did not do, however. It omitted the words "during the life time of the insured," and thus subjected its policy to two constructions. As was said by the court in Kocak v Metropolitan Life Ins. Co., 263 N. Y. Supp. 283, at p. 287:

'The policy is the craftsmanship of the company, and any ambiguity therein must be construed against the company. * * *

"The contention that the policy is not in force after the death of the deceased, as it seems to us, cannot be sustained. We believe such a doctrine to be opposed to the fundamental principles upon which a contract rests. When the insured has met the terms of his contract up until the time of his death, only part performance may be claimed. There still remains proof of death to be submitted in behalf of the beneficiaries, and payment to be made by

the company. A contract remains in force until it is abandoned, reduced to judgment, or performed according to its terms."

In this case the contract was neither abandoned, reduced to judgment nor performed according to its terms, nor was the contract even in the process of litigation, during the period of incontestability, and we conclude that said contract remained "in force" after the death of the insured, and that the running of the contestable period was not affected by the death of the insured.

There was nothing in the circumstances attendant upon the procurement of this contract which militated against established public policy. The most that could be claimed (and this was admitted for the purpose of the demurrers) was that the insured perpetrated a fraud upon the company when he failed to correctly and honestly answer the questions in the application for insurance.

It is our understanding that the very purpose of the contestable period is to give the insurer an opportunity to make inquiry into the question of whether or not fraud or misrepresentation was present in the obtaining of the contract, and we further understand that if such conclusion was not reached and acted upon by the insurer within the contestable period, the insurer could not thereafter be permitted to defend an action upon the policy upon any ground other than as specified in the incontestable clause of the contract, except for such fraud as rendered the contract void ab initio.

"1. Insured's death does not affect running of contestable period fixed by life insurance policy.

"2. When insured dies within contestable period fixed by life insurance policy, on which no action is instituted within such period, insurer must contest policy by court proceedings before expiration of such period to terminate running thereof.

"3. Defense of fraud and misrepresentation in application for life insurance policy sued on is unavailable to insurer after expiration of contestable period fixed thereby * * *."

Henderson v Life Ins. Co. of Virginia, 179 SE 680.

See also—
New York Life Ins. Co. v Seymour, 45 Fed. (2d) 47.
Mutual Life Ins. Co. v Hurni Packing Co., 68 L. Ed. 235.

The action by the insurance company necessary to constitute a contest of the policy means some affirmative or defensive action taken in court to which the insurer and the insured or his representatives or beneficiaries are parties. This is in accordance with the great weight of authority on the question of what constitutes a contest within the meaning of an incontestable clause in an insurance policy. See annotation in 64 A.L.R. 959. See also, Killian v Metropolitan Life Ins. Co., ibid., 956, wherein syllabus 1 reads:

"1. Notice of rejection by insurer other than by way of action or defense is not the beginning of a contest within the contemplation of a provision of a policy of life insurance making it incontestable except for nonpayment of premiums after the lapse of a specified period from date of issue."

The circumstances herein do not, in our opinion, constitute such a situation as rendered the contract of insurance void ab initio, but rather one where the contract was voidable at the option of the insurer, if it acted to avoid the contract within the period specified by the terms of the contract itself.

No action to cancel or contest this contract having been instituted by the insurer within the contestable period, and the admitted fraud not being of such a character as to render the contract void from its inception, we hold that the insurer was precluded from setting up the fraud of the insured in an action upon the policy commenced subsequent to the expiration of the contestable period. The demurrers were therefore rightfully sustained.

This conclusion is also warranted by another consideration.

Under the insurance laws of this state, §§9412 to 9417, GC, this insurer was authorized to issue policies containing standard form provisions, and if it did not choose to issue such policies, it might issue policies in conformity to the provisions of §9420, GC.

Under §9412, GC, the standard form prescribed provides that the policy "shall be incontestable from its date, except for the nonpayment of premiums and except as otherwise provided" in the policy.

If a standard form of policy is not issued, it is provided by §9420, GC, that the policy shall contain an incontestable provision as follows: "shall be incontestable after two years from its date, except for nonpayment of premiums and except for

violations of the conditions of the policy relating to naval and military service in time of war."

Defendant chose not to use the standard form policy, but instead adopted a policy different, in so far as the incontestability clause was concerned, from the provisions of §9420, GC.

We hold that the provisions of §9420 GC must be read into the policy in question, and that the statutory provisions are controlling, even where opposed to the express provisions of the policy, unless the policy provisions are more favorable to the insured than are the statutory requirements.

American Natl. Ins. Co. v Welch, 22 SW (2d) 1063.

**Insurance Co. v Leslie, 47 Oh St 409.**

**9 O. Jur.; "Contracts," §189, p. 416.**

We further hold that §9392, GC, has no application to the facts herein, and does not in any way affect the construction we have placed upon §9420, paragraph 3 GC.

The judgment will be affirmed.

WASHBURN, J, concurs.
FUNK, PJ, dissents.