## Mahoney, Admr., v. Metropolitan Life Ins. Co.

*W. W. Knox,* for plaintiff.

*English, Quinn, Leemhuis & Tayntor,* for defendant.

KITTS, J., February 24, 1939.—The policy, containing the following incontestability clause, was issued to Helen Stepnoski on December 21, 1936:

"This policy shall be incontestable after it has been in force, during the lifetime of the insured, for a period of one year from its date of issue, except for non-payment of premiums. . . ."

Insured died on August 8, 1937. All premiums were paid. The defense to the payment of the policy appears in defendant's offer to prove that the policy was issued to insured upon misrepresentation of material facts, particularly her condition of health, treatment by physicians, and the health and causes of death of other members of her family. These offers were refused on the view that, notwithstanding the death of the insured within a year

from the date of the policy and within the period of contestability, plaintiff can recover because this suit was brought more than one year after the insurance contract and the policy was not contested during that period. Binding instructions were given for plaintiff on the ground that defendant is barred from contesting the policy after the lapse of one year.

On a review of this case we are convinced that a construction of the clause most favorable to insured does not bar a defense to the policy on the ground of material misrepresentation even though the defense comes more than one year from its date.

To say that the phrase, "for a period of one year," does not refer to a period "during the lifetime of the insured" forces a construction upon the whole provision that was not intended. Plaintiff's construction that "during the lifetime of the insured" limits only what precedes it in the sentence is equivalent to saying that the phrase is wholly redundant and that the policy is incontestable after one year if it was in force for any period, however short. This cannot be the intent of the language used, for, if the policy had never been in force during the lifetime of the insured, it was never in force, and the defense in that situation could only be that there was no contract.

The question raised here has not been definitely decided in Pennsylvania, so far as we can find, though the clause in question was discussed in Cohen et al. v. Metropolitan Life Ins. Co., 112 Pa. Superior Ct. 314, in the following language:

"This provision [referring to a similar clause in the Insurance Act of May 17, 1921, P. L. 682] has been in the law of this state for thirteen years. Had appellant so desired, it could have incorporated the provision in its policy, and thus made its position clear beyond argument."

There are decisions in other jurisdictions squarely in point. An incontestable clause providing that a life insurance policy shall be incontestable if it has been in force during the lifetime of insured for one year requires that insured live for one year after the policy came into force, and is inapplicable where the insured died within a year after the issue of a policy: Aetna Life Ins. Co. v. Kennedy, 31 F. (2d) 971; Palmer v. John Hancock Mutual Life Ins. Co., etc., 148 Misc. 324, 265 N. Y. Supp. 796; Chicago National Life Ins. Co. v. Carbaugh, 337 Ill. 483, 169 N. E. 218.

Now, to wit, February 24, 1939, defendant's rule for a new trial is made absolute.