**BEHRMAN, Plaintiff-Appellee, v. MASSACHUSETTS CASUALTY INSURANCE COMPANY, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24332. Decided March 6, 1958.

J. Leslie Morgan, Mark F. McChesney, for plaintiff-appellee.
Arthur J. Stern, for defendant-appellant.

**OPINION**

Per CURIAM:

In this appeal on questions of law and fact, appellant claims non-liability upon a policy of health and accident insurance on the ground of misrepresentation of the appellee as to his physical condition at the time of the issuance of the policy on December 21, 1948.

The policy contains a provision (paragraph five) that it is non-cancellable and incontestable after the expiration of two years from date of issuance and there is no exception for fraud or misrepresentation.

The policy was issued December 21, 1948, and an action for money only was filed December 7, 1955. The issue as to appellee's misrepresentations was by way of cross-petition by the appellant for cancellation.

The facts show premiums were paid for a period of approximately nine years and certain payments of premiums were accepted by the appellant even after the action was commenced.

For these reasons and for the reasons set forth in extenso in the findings of fact and conclusions of law of the trial judge, the decree must be for plaintiff as in the Municipal Court of Cleveland.

See **John Hancock Mut. Life Ins. Co. v. Snyder, 20 Abs 251** (Court of Appeals, Ninth District); Insurance Law and Practice, Vol. 1, Appleton, Sec. 332, et seq.; 170 A. L. R. 1048, et seq., and numerous cases therein cited holding that insurer is precluded from asserting defense of fraud on the theory that a non-cancellable and incontestable provision of a policy, without exception for fraud, is, in effect, a short statute of limitations.

SKEEL, PJ, HURD and KOVACHY, JJ, concur.