Van Gunten *v.* Bankers Life and Cas. Co.

[Cite as Van Gunten v. Bankers Life & Cas. Co., 21 Ohio Misc. 1.]

(No. 19918—Decided July 29, 1969.)

Lima Municipal Court.

*Mr. Howard Everett,* for plaintiff.
*Mr. Frank B. Cory,* for defendant.

ANDREWS, J. Plaintiff, as beneficiary under a life insurance policy, filed this action against the defendant company for $5,000, the amount of the policy on the life of her mother, Mildred S. Johnson, deceased.

Plaintiff further alleges that her mother died December 14, 1966; that she presented due proof of death to the defendant; that she has performed and fulfilled her obligations under the policy and that defendant refuses to pay the amount due her.

Defendant's answer admits that a policy of $5,000 on the life of the deceased was in effect at the time of her death, but denies that all conditions required in the insurance policy have been fulfilled or performed by plaintiff, so as to entitle her to the sum of $5,000.

For its second defense, defendant alleges that due proof of death includes a requirement for the beneficiary to execute an authorization form to allow the defendant company to investigate and obtain copies of the past medical history of the deceased insured. This form was submitted to plaintiff who refused to execute it so as to permit defendant to complete its investigation of the circumstances of the insured's death.

For her reply, plaintiff denies all the allegations contained in the answer not previously admitted to be true.

Counsel submitted the case to the court without testimony on the pleadings, interrogatories and answers thereto, on the five exhibits and on the following agreed statement of facts and stipulations:

FINDINGS OF FACT

1. Mildred S. Johnson in her lifetime contracted for and was issued a policy of insurance on her life by the defendant, Bankers Life and Casualty Company, being number 4,900,323, with plaintiff, Dian Van Gunten, as the designated beneficiary thereon, said policy being issued on January 1, 1965, in the principal amount of $5,000, and that the premium payments thereon were $7.60 per month and were paid for the full time of said policy.

2. Exhibit No. 1, attached hereto, is the policy of insurance issued to Mildred S. Johnson, which was in effect on December 14, 1966.

3. It is further agreed that Mildred S. Johnson died on December 14, 1966, at Lima, Allen County, Ohio.

4. It is further agreed that Bankers Life and Casualty Company were notified of the death of Mildred S. Johnson by letter dated December 16, 1966, from Howard Everett, attorney for Dian Van Gunten.

5. It is further agreed that on January 12, 1967, plaintiff surrendered the original policy and furnished to defendant a death certificate, Exhibit No. 2; statement of doctor, Exhibit No. 3; defendant's Form 1269B, Exhibit No. 4; and newspaper clipping, Exhibit No. 5, and that said exhibits were received by the company January 13, 1967.

6. It is further agreed that under date of February 17, 1967, defendant, Bankers Life and Casualty Company, conditionally refused to pay the claim on said policy because an authorization form, Exhibit No. 6, attached hereto, was not signed by the beneficiary of said policy.

7. It is further agreed that no part of the $5,000 has been paid on said policy to any person or estate.

8. It is further agreed that Dian Van Gunten was the named beneficiary on Policy No. 4,900,323 on December 14, 1966.

9. It is further agreed that Bankers Life and Casualty Company is a corporation duly incorporated in the state of Illinois, and licensed to do business in Ohio.

The court further finds plaintiff's exhibits to be as follows:

1. Plaintiff's exhibit No. 1—the life insurance policy

2. Plaintiff's exhibit No. 2—certified copy of certificate of death

3. Plaintiff's exhibit No. 3—physician's statement of proof of death

4. Plaintiff's exhibit No. 4—claimant's statement as to proof of death

5. Plaintiff's exhibit No. 5—photostat copy of newspaper article of death of insured, Mildred S. Johnson

6. Plaintiff's exhibit No. 6—unsigned authorization to examine decedent's medical and hospital records and history

The court further finds the life insurance policy, pro-

vides that defendant shall pay the sum of $5,000 "to the person named as beneficiary in the application therefore immediately upon receipt of due proof that the death of the insured named herein occurred during the continuance of this policy and prior to the date on which this policy terminates, all subject to the terms and provisions on this policy."

The court further finds the policy provides "this policy shall be incontestable after it has been in force during the life time of the insured for two years from its date of issue, except for nonpayment of premiums, and except as to provisions relating to total and permanent disability benefits and provisions granting additional insurance specifically against death by accident, if any.

The court further finds the policy was issued January 1, 1965, and that defendant made no attempt to contest the policy until February 17, 1967, well over two years after the policy was issued.

The court further finds the application attached to the policy contains information by the insured that she was a diabetic since 16 years old and had surgery on feet due to osteomylitis and was treated by Dr. Asa Jones in March, 1964; that the physician's statement proof of death, plaintiff's exhibit No. 3, signed by Doctor Asa Jones contains a statement that decedent was attended during the seven years prior to her death by Doctor William Noble for diabetes mellitus; that the certificate of death, plaintiff's exhibit No. 2, lists the cause of death as acute myocardial infarction which is a heart attack.

The court further finds that defendant's contention contained in its brief that it should be authorized by plaintiff to investigate the medical and hospital records and reports of decedent because the physician's statement includes information that decedent was attended by Dr. William Noble for diabetes mellitus and that such information was not included in decedent's application for insurance executed two years prior thereto is not vital because decedent may have been attended by Doctor Noble during the nearly two years after the application was executed and it

is found not relevant or material because the information indicates she was treated for a form of diabetes which information was revealed to the defendant insurance company in the decedent's application for insurance.

The court further finds plaintiff has submitted to defendant as due proof of death a death certificate, physician's statement of proof of death and a newspaper clipping reporting the death of insured all showing the death of Mildred S. Johnson on December 14, 1966.

The court further finds there is no evidence decedent made any intentional false answers, nor any willfully false statements, nor that she knowingly made any materially false misrepresentation. The court further finds there was no evidence decedent was attended by Doctor Noble prior to the date she signed the application for the insurance; there was no evidence that any treatment or advice by Doctor William Noble for diabetes even if prior to her application for insurance had any materiality or relevance to the cause of death which was a heart attack.

### FINDING OF LAW

The court finds the law applicable in this case to be as follows:

1. That the four documents submitted by plaintiff to defendant as to the death of the insured constitutes substantial compliance with "due proof of death," as required by the policy and is sufficient, 170 A. L. R. 1272; that an insurance policy should be liberally construed in favor of insured; and that a contract must be given a construction in accordance with the plain meaning and intent of the terms employed by the parties, *Andjeski* v. *Metropolitan Life Ins. Co.*, 17 Ohio Supp. 128.

2. Due proof of death requires only prima facie evidence of such fact. *Stuhlbarg* v. *Metropolitan Life Ins. Co.*, 143 Ohio St. 390.

3. "Due proof of death" without any additional provisions in a policy, does not require beneficiary to authorize insurer to inspect records regarding history and treatment of insured by any physician or hospital at any time. *Allen* v. *Superior Life Ins. Co.*, Dist. of Col., 76, A. 2d 590.

4. Due proof of death in life insurance policies is comprised of any fact relevant to the fact of death and the identity of the insured. *McCaffry* v. *Metropolitan Life Ins. Co.*, 14 N. Y. S. 2d 192.

5. Where life policies are conditioned upon death from any cause, questions appearing upon blanks furnished by insurer for making proof of death directed to fact of death and identity of insured are proper, but questions relating to previous treatment of insured are without proper scope of inquiry, and a claimant is justified in declining to answer such questions. Proofs of death in life insurance policies are sufficient where date and place of death are supplied, notwithstanding refusal to answer questions relating to cause of insured's death and to whether insured had suffered from certain diseases. *McCaffry* v. *Metropolitan Life Ins. Co.*, *supra*, and *John Hancock Mut. Life Ins. Co.* v. *Jennings*, 17 Ohio Law Abs. 583.

6. Burden is on insurer to clearly prove that answer in application by insured was willfully false, fraudulently made, material, induced issuance of policy and agent had no knowledge of falsity or fraud. *Washington Fidelity Ins. Co.* v. *Lacey*, 45 Ohio App. 104.

7. Where a policy of life insurance contains a provision that the policy shall be incontestable by the insurer after a certain time, and is silent, as to the effect of death of the insured before such time should have on the running of the contestable period, such death of the insured does not affect the running of the contestable period. The right of "contest" of a life insurance contract which the insurer has before the beginning of "incontestability," contemplates some affirmative or defensive action in court, wherein the insurer, and the insured or his representatives or beneficiary, are parties. *John Hancock Mut. Life Ins. Co.* v. *Snyder*, 52 Ohio App. 438.

Judgment awarded plaintiff as claimed in her petition for $5,000 with interest from January 1, 1967, and costs.

*Judgment for plaintiff.*