GINLEY, APPELLANT, *v.* JOHN HANCOCK MUT. LIFE INS. CO., APPELLEE.

(No. 32288—Decided May 31, 1973.)

*Mr. Richard B. Ginley,* for appellant.
*Mr. Peter J. Lenhart,* for appellee.

JACKSON, J. The defendant appellee insurance company issued on May 12, 1969, a life insurance policy to Mary Jean Ginley, the wife of plaintiff appellant. The insured died on May 29, 1970, less than two years after the issuance of said policy. The insurance policy contained a clause which provided that the policy shall be incontestable after it has been in force during the lifetime of the insured for two (2) years from its date of issuance except for nonpayment of premiums.

The plaintiff husband, and beneficiary of the life insurance policy, brought an action to recover the benefits provided in the policy. The case was heard by the Rocky River Municipal Court, and on the basis of stipulations and the testimony of defendant's two witnesses, an underwriter and an agent, the trial judge rendered judgment for defendant. Plaintiff appeals and assigns a single prejudicial error:

"The trial court erred in finding for the defendant for the reason that the life insurance policy which was the subject of the action was not contestable by the defendant-appellant."

For the reasons hereinafter set forth, this assignment of error is not well taken. The legal issue raised by this appeal is whether the defendant insurance company is entitled under the incontestability clause of the policy to defend upon any ground other than nonpayment of premium, or, stated another way, whether the death of the insured tolled the running of the two-year period of limitation and permitted the defendant to contest plaintiff's action to recover benefits under the policy.

It is the position of the appellant that this policy became incontestable on May 13, 1971, or after the policy had been in existence for two (2) years because of the provisions of the policy and because of certain decisions of Ohio courts which have interpreted the incontestability clause of life insurance contracts. We find the appellant's argument to be without merit inasmuch as the language of Article 13 in the policy under litigation contains the following provision:

"This policy, except any provision for disability or

accidental death benefits, shall be incontestable *after it has been in force during the lifetime of the insured for two years from its date of issuance* except for non-payment of premiums." (Emphasis added.)

The appellant grounds his appeal on the ruling in the case of *John Hancock Mutual Life Insurance Company* v. *Snyder* (Ct. App., Lorain Co. 1935), 52 Ohio App. 438, 442, where the insured died prior to the expiration of two years after execution and delivery of the policy. The incontestability clause in said insurance policy contained the provision that the policy *"shall be incontestable after two years from its date...."* (Emphasis added.) The court indicated that such language is ambiguous and granted judgment for the plaintiff wife of the insured under the rule of construction that ambiguous language in a contract is to be construed most strongly against the party selecting the language and most favorably toward the party sought to be charged. The court, however, stated that the policy would have been contestable had the said provision included the words "during the lifetime of the insured." See *John Hancock* v. *Snyder, id.,* at 442.

In order for this court to determine the effect of the controlling language in the policy, we must first construe R. C. 3915.05, the applicable state statute, which provides that:

"No policy of life insurance shall be issued to or delivered in this state . . . unless such policy contains:

" 'C. A provision that the policy . . . shall be incontestable after it has been in force *during the lifetime of the insured* for a period of not more than two years from its date, except for nonpayment of premiums. . . .' " (Emphasis added.)

The plain meaning of the language therein and the intent of the legislature are decisive. Undergirding the dictum in the *John Hancock* case, it has been held in several cases that insurance policies and statutory language which include the phrase "during the lifetime of the insured" is clear and unambiguous. ". . .However, the words, 'during the lifetime of the insured' were not omitted and must be given their ordinary meaning, which is not ambiguous. 'Dur-

ing' means 'in the time of,' or 'during the existence of.' The clause means 'in force in the lifetime of the insured for one year.' " *Chicago Nat'l Ins. Co.* v. *Carbaugh* (Sup. Ct., Ill., 1929), 169 N. E. 218. *Aetna Life Insurance Co.* v. *Kennedy* (8th Cir. 1929), 31 F. 2d 971. Accordingly, we adopt this ruling.

With no public records of the General Assembly available,[1] the only recourse we have to ascertain the intent of the legislature is to examine R. C. 3915.05, in its historical perspective.

Prior to 1939 G. C. 9420(3) provided that a life insurance policy ". . . *shall be incontestable after two years from its date of issuance. . . .*" (Emphasis added.) However, the language of this statute was amended by the Ohio State Legislature to provide that a life insurance policy shall be incontestable after it has been *"in force during the life of the insured for a period of two* (2) years from its date. . . ." (Emphasis added.) This language is presently contained in R. C. 3915.05, which became effective in 1953. It is significant that *John Hancock* v. *Snyder, supra,* the principal case upon which appellant rests his legal position, was decided in 1935, four years prior to the amendment of G. C. 9420(3), which changed the language therein to provide that a policy *"shall be incontestable after it has been in force during the life of the insured for two years from its date of issuance. . . ."* (Emphasis added.)

"It is manifest that the incontestable clauses in insurance policies is for the benefit of the assured, that his policy instead of being uncertain may become a certain and absolute promise to pay." *Mutual Life Ins. Co. of New York* v. *Wineberg* (1943), 49 N. E. 2d 44, 46. In construing G. C. 9420(3), as amended, and R. C. 3915.05, in the context of the aforementioned legislative history, it clearly discloses the intent on the part of the state legislature to correct the ambiguity in the language of this statute as acknowledged by the court in *John Hancock* v. *Snyder,*

---

[1]The Ohio General Assembly does not maintain public records of hearings and reports on legislation.

*supra,* and thereby protect the contractual rights of both the insured and the insurer under the incontestable provisions of the insurance policy.

Other than the case of *Van Gunten* v. *Bankers Life Insurance & Casualty Co.* (Lima Muni. Ct. 1969), 21 Ohio Misc. 1, which decision we deem not controlling because it was based solely on the *John Hancock* case, the only other Ohio case in point which we have been able to find which has a bearing on the legal effect of the incontestability clause of a life insurance policy where the language is the same or similar to that contained in the policy herein, is *Woelfling* v. *Great-West Life Assurance Co.* (1972), 30 Ohio App. 2d 211. Although this case was interpreting an Illinois statute, that statute was practically identical to R. C. 3915.05. The court held that:

"Where there is a provision in the master policy of group life insurance that 'no statement made by any member insured under the policy relating to his insurability shall be used in contesting the validity of the insurance with respect to which such statement was made after such insurance *has been in force prior to the contest for a period of two years during such member's lifetime,' the running of the two year limitation is tolled by the death of the insured within the two year period."* (Emphasis added.)

There is, however, overwhelming authority from federal and state courts throughout the United States supporting the conclusion that where the contestability clause of an insurance contract requires that the policy shall have been in force for a designated period "during the lifetime of the insured," and the insured dies before the limitation period has elapsed, the running of the period of limitation is tolled, and any claim for policy benefits is subject to and may be defeated by whatever defenses the insurer may establish by the required degree of proof. *Chicago Nat'l Life Ins. Co.* v. *Carbaugh, supra; Equitable Life Ins. Co.* v. *Mann* (Sup. Ct. Iowa 1940), 295 N. W. 461; *Sun Life Assurance Co.* v. *Allen, et al.* (Sup. Ct. Mich. 1935), 259 N. W. 281; *Foster* v. *Washington Nat'l Ins. Co.* (Sup. Ct. N. J. 1937), 192 A. 59; *National Life & Accident Ins. Co.* v. *Pres-*

168

*ton* (Sup. Ct. Ga. 1942), 22 S. E. 2d 157; *Greenbaum v. Columbia Nat'l Life Ins. Co. of Boston* (2d Cir. 1932), 62 F. 2d 56.

Consequently, we hold that pursuant to the provisions of Article 13 of the insurance policy issued to the insured, and the provisions of R. C. 3915.05, the death of the insured prior to the expiration of the two-year period of limitation tolled the statute and permitted the defendant company to assert any available defense to the action by plaintiff.

*Judgment affirmed.*

MANOS, C. J., and KRENZLER, J., concur.